# Simmons v. Richardson.

### *Statutory Action of Ejectment.*

1. *Deed creating active trust.*—A deed of gift in trust for the grantor's wife and daughter and any after-born child or children, providing that the trustee could rent the premises, and apply all rents to the benefit of the grantees ; and that the wife could sell the property, and invest the proceeds, in other property "in the name of said trustee ;" and that if the wife should die, leaving the grantor surviving, the trustee should reconvey the property to the grantor—creates an active trust.

2. *Distinction between statutory and equitable separate estate of married women abrogated by Code 1886.*—The distinction preserved between equitable and statutory separate estates of married women before the adoption of the Code 1886, embodying the system enacted in 1887, has been abrogated by said later enactment; all such estates now being statutory, except in cases where the property has been conveyed to an active trustee for the wife—that is, a trustee having active duties to perform with reference to the property.

3. *Same; case at bar.*—Where a deed of gift to a trustee for the benefit of the grantor's wife and daughter and any after-born child or children recites that the consideration was love and affection, and a desire to provide for the wife "during her natural life" free from the control, disposal, debts and liabilities of her husband," and provides that on the death of the wife, the grantor surviving, the trustee shall reconvey to the grantor,—the wife takes a life interest in the nature of an equitable separate estate, which is not subject to

the provisions of the Code as to the separate estates. of married women.

4. *Evidence; admissibility of facts constituting part of the history of, and leading up to, main transaction.*—Where a deed of gift to a wife from her husband was set aside as in fraud of his creditors, and the land was sold to satisfy their claims, and the sale was afterwards set aside, and the wife, with the consent of her husband, borrowed money to satisfy the claim of the purchaser at the sale, and mortgaged the land to secure the loan ; in ejectment by the wife against the grantee of the mortgagee, the mortgage and note by the wife were admissible, and the records of the suit to set aside the sale, being a history of the transaction leading up to the execution of such note and mortgage, were also admissible.

5. *Estoppel of wife to assert that mortgage made by her was to secure husband's debt.*—Where a deed of gift to the grantor's wife was set aside as in fraud of his creditors, and a sale of the lands to satisfy such creditors, was afterwards set aside, at the instance of the grantor in such deed and in order to make tender of the amount paid by the purchaser at the sale, such grantor applied for a loan, which was refused him, but was made to the wife, on her executing, with her husband's consent, a mortgage on the land in suit in ejectment by the wife against a grantee of the mortgagee the wife was estopped to deny that the mortgage was her sole obligation, and to assert that she was acting as surety for her husband.

6. *Equitable title will not support ejectment.*—The title of a beneficiary under a deed of gift executed to a trustee for her benefit is not sufficient to support ejectment.


APPEAL from the Circuit Court of Marengo.

Tried before the Hon. JAMES T. JONES.

This was a statutory action of ejectment, instituted on June 5, 1893, by the appellant, Sallie J. Simmons, against the appellee, William Richardson, to recover certain specifically described lands. Issue was joined upon the plea of the general issue. The plaintiff claims under a voluntary deed, executed by her husband to her on February 28, 1883. She introduced this deed and rested. The deed was made by the husband to Thos. J. Foster, as trustee, with directions to ''apply all the rents, proceeds, issues and profits to the sole use, benefit and behoof of my said wife, Sallie J. Simmons, for and during the term of her natural life, free from control, disposal, debts and liabilities of her said husband, permitting the said Sallie J. Simmons to control and manage said property and its proceeds, as to her may seem best, and hire, rent, lease or sell any or all of it, in any manner

she may deem fit, provided, that if the said Sallie J. Simmons, shall make any such sale, of the whole, or any part of such property so conveyed, she may reinvest the proceeds of any such sale, in other property of equal value, in the name of said trustee, for the use and benefit of (his) said daughter, Sallie J. Simmons, and such other children as may hereafter be born as aforesaid. Provided, also, that my said wife, at her own election may make advancements of any portion of said property to my said daughter and such other children as may be hereafter born, as she or they may arrive at age, or marry, without the same being considered a sale by her," &c.

It was shown by the defendant, that at the time this deed was made, the grantor therein, L. L. Simmons, was in debt, and Jones & Johnson, his creditors, filed a bill against him and his wife in the chancery court of Marengo county to have the same set aside as fraudulent and void as to them, and to have the property, therein conveyed, sold to pay their claim. A decree was rendered in the case, setting said deed aside as to said creditors, and ordering the land sold. The same were accordingly sold by the register of the court, in May, 1888, at which sale, John C. Anderson became the purchaser for the sum $737.50, which amount he paid into court.

On the 12th of October, 1888, the said L. L. Simmons filed his petition in said cause, praying for reasons therein stated, that said sale be vacated and set aside. He offered, in the name of himself and wife, Sallie J. Simmons, the sum of money that said Anderson had bid at said sale, with ten per cent. thereon and such other legal charges as the said Anderson may have expended. On the hearing of that petition, the chancellor rendered a decree, on the 16th October, 1888, setting aside and annulling said sale. The petition and decree of the court thereon, were introduced and read in evidence by the defendant.

The defendant then offered and read in evidence a mortgage on the lands sued for, executed by the plaintiff, Sallie J. Simmons, and her said husband, L. L. Simmons, to John C. Webb, and the note it secures, for $797.50, together with the written consent of the plaintiff's husband for her to sign these papers.

Said note and mortgage bear date, the 13th October, 1888. The written consent of L. L. Simmons, for his

[Simmons v. Richardson.]

wife to borrow the money, was dated 12th October, 1888, and in it he said, "I, L. L. Simmons, husband of Sallie J. Simmons, do hereby assent and concur in a contract to be made by the said Sallie J. Simmons with John C. Webb, by which said Sallie J. Simmons is to borrow from said John C. Webb a sum of money sufficient to pay the amount claimed by John C. Anderson on a purchase of lands under a decree and sale in the chancery court in favor of Jones & Johnson v. L. L Simmons *et al.*, and all attorney's fees which may be expended in the premises, the said loan to be secured by note and mortgage on real estate, belonging to the said Sallie J. Simmons." The plaintiff, by her attorney, objected to the note, mortgage, written consent of her husband, and record evidence from the chancery court, for reasons, in short, that all showed but one and the same transaction, and by this transaction the lien created by the chancery decree in favor of Jones & Johnson had been lost; that said Sallie J. Simmons, the plaintiff, had become the surety of her husband to pay his debt, and, therefore, the whole transaction was void; that Mrs. Simmons under the deed from her husband, had no power to mortgage her lands. The court overruled the objections and plaintiff excepted.

The defendant then introduced deeds showing title from John C. Webb to him. He also proved by said John C. Webb, that he loaned no money to said L. L. Simmons, but positively refused to do so; that he loaned the money to the plaintiff and refused to do that, until his attorney drew up satisfactory papers securing the loan by mortgage upon the land sued for.

Upon the introduction of all the evidence, the court at the request of the defendant gave the general affirmative charge in his favor, and to the giving of this charge the plaintiff duly excepted.

There was judgment for defendant, and the plaintiff appeals, and assigns as error the rulings of the court upon the evidence, and the giving of the general affirmative charge for the defendant.

J. W. Bush, for the appellant.—The deed made by Simmons to his wife, so far as Webb is concerned, vested in Mrs. Simmons the legal title to the property; he so recognized it and now can't gainsay it. Foster the

trustee, being charged with no duties, was nothing more than a dry trustee, and in as much as our statute of user, *ex proprio vigore*, transfers such title to the beneficiary, the legal effect of the deed was and is the same, as if it conveyed the property directly to her. The deed gives her entire control over the property— Code, § 1831 ; *Webb v. Crawford*, 77 Ala., 440 ; *Loeb v. McCullough*, 78 Ala., 533.

The evidence shows that the money was borrowed to pay off the debt of L. Lavender Simmons, and the property was pledged or mortgaged as a security for that purpose ; thus the wife indirectly became security for the payment of her husband's debt which was subsequently paid—All of which was known to Webb. The wife shall not directly, or indirectly become the surety for her husband.—Code, § 2350.

The mortgage was given to secure two promissory notes. Mrs. Sallie J. Simmons alone signed these notes and they were signed on the 13th of October, 1888. It does appear that on the day previous, to-wit : the 12th day of October, 1888, L. Lavender Simmons signed an instrument in writing wherein he assents and concurs in a contract *to be made* with Jno. C. Webb.

We take it that the meaning of section 2346 of the Code is that the wife has full legal capacity to contract, in writing, as if she were sole with the assent or concurrence of the husband expressed in writing, at the time of the making or entering into the contract—or possibly after knowing the terms and conditions of the contract he might ratify it by his assent or concurrence in writing. If such an assent or concurrence, could be made the day previous, why might it not be made a year or five years previous; doubtless this was not the intention of the legislature.

If then the note or notes are void, the mortgage, if otherwise valid, would be no defense to plaintiffs action, because it would only be an equitable lien.

Webb taking under the deed of Mrs. Sallie J. Simmons, was bound to take notice of the recitals in said deed, and it expressly recites that the property conveyed therein was free from the control, disposal, *debts*, liabilities of the grantor. Webb was bound to know that the money for the payment of L. L. Simmons' liabilities or debts, and not for the liabilities or debts of Mrs. Sallie J. Simmons.

There is nothing in the theory that the debt was Mrs. Simmons'. No money was paid to her; Webb "never saw or had any conversation with her,"—and the mortgage was given to secure an amount to be paid to Jno. C. Anderson to set aside and vacate a sale.—Whatever equities the appelllee might have had under this mortgage, it seems very certain that the legal title to the property is in Mrs. Simmons. Her title is indisputable and unless she lawfully conveyed it away, she was entitled to recover the land sued for.

TAYLOR & ELMORE, for the appellee.—The loan was made to the wife and not to the husband.

The contract with Webb was entirely independent of the decree in chancery or of the debt of the husband. Webb was a new creditor upon a new and entirely different consideration.—*Chapman v. Abrahams,* 61 Ala. 108.

The deed from L. L. Simmons to Sallie J. Simmons, conveyed to her the *jus disponendi* or power to sell, and this included the power to mortgage.—*Smythe v. Fitzsimmons,* 97 Ala. 451; *Butler v. Gazzam,* 81 Ala. 491.

The mortgage to John C. Webb conveyed *all the title* owned by Sallie J. Simmons, and it is admitted that Sallie J. Simmons, the appellant, obtained the full and complete legal title under the deed from her husband. —*Butler v. Gazzam,* 81 Ala. 491; *Reeves v. Brooks,* 80 Ala. 27; *Jones v. Reese,* 65 Ala. 164.

There was no contradictory or conflicting evidence in this case and the general charge was correct.

HARALSON, J.—The conveyance under which the plaintiff claims title, was a deed of gift to a trustee for her and her daughter and any after born child or children, executed by her husband, L. L. Simmons, on the 28th of February, 1883. The conveyance was made to Thos. J. Foster, as trustee. He is not a mere naked trustee under the deed, as is contended by counsel for appellant, but he was an active trustee, charged with duties to perform, in reference to the property. It is provided in the deed, that he shall apply all the rents, proceeds, issues and profits of the property to the sole use, benefit and behoof of the plaintiff, the wife of the grantor, for and during the term of her natural life, free

[Simmons v. Richardson.]

from the control, disposal, debts and liabilities of her husband, the grantor, permitting the plaintiff to control and manage said property and its proceeds, as to her may seem best, and hire, rent, lease or sell any or all of it, in any manner she may deem best. Here she is given the privilege of controlling the property by renting or selling, but if she should not exercise the power to do so, it remained with the trustee. Again, it was clearly within the contemplation of the grantor, that in case of sale of any of the property, by the wife, she would reinvest the proceeds in other property, in order that his design in reference to his daughter, and any after born children, might be carried out. The provision in the deed in that respect is, "Provided that if the said Sallie J. Simmons shall make any such sale of the whole or any part of such property so conveyed, she may reinvest the proceeds of any such sale in other property of equal value, *in the name of the said trustee*, for the use and benefit of (my) said daughter, Sallie J. Simmons, and such other children as may hereafter be born, as aforesaid." The consideration for making the deed had been declared, in the beginning, as follows: "I, said L. Lavender Simmons, of said State and county, for and in consideration of the natural love and affection which I have and bear for my beloved wife, Sallie J. Simmons, and of the sincere and strong desire I have for providing for her comfortable maintenance and support, *during her natural life*, and also of the natural love and affection which I have for my daughter, Sallie J. Simmons, (the daughter bearing the name of her mother), and such other children as may be born to me of my said wife, Sallie J. Simmons, and also, in consideration of the trust and confidence I have in the honor, honesty and integrity of Thos. J. Foster, * * * do hereby give, grant, bargain, sell and convey to him, the said Thos. J. Foster, the following real estate," and personal property, both fully described. He afterwards makes provision for the disposition of the property, in case his wife survives him and should marry again, as follows: "But should the said Sallie J. Simmons survive me, and marry another husband, it is my desire, that the said trustee shall cause to be divided between her, the said Sallie J. Simmons, and my daughter, Sallie J. Simmons, and such other children as may hereafter be born, as aforesaid, or their

heirs, if any, all my property which then remains undisposed of, according to the statutes of distribution of the State of Alabama, which shall then be in force." He then makes provision, for the disposition of his property in case his daughter and after born children shall survive his wife, concluding : "And in the further trust, that in the event my said wife, Sallie J. Simmons, shall depart this life, leaving me surviving, then the property hereinbefore conveyed, or so much thereof as has not been advanced to or distributed among my said daughter, Sallie J. Simmons, and such other children as may be born to me by my said wife, shall, on the death of my said wife, Sallie J. Simmons, be transferred and conveyed back to me by the said Thos. J. Foster, trustee as aforesaid, or his successor in office."

It is plainly manifest, from the foregoing recitals of said deed, that the trustee therein, was not a mere naked trustee, but one with active duties to perform ; that the grantor was making provision, not alone for the benefit of his wife, the plaintiff, but for his then only child and daughter, and such children as might be born to him thereafter ; that he created in his wife, a life estate only in the lands described in the deed, and here sued for, subject to be divested under the conditions named in the instrument, and that her estate in said lands, was an equitable separate estate, not subject to the provisions of the Code as to the separate estates of married women. The distinction preserved, between equitable and statutory separate estates, before the adoption of the present system on that subject, in 1887, as found in the Code, as we have frequently held, has been abrogated, by the later enactment, except in cases where the property is conveyed to an active trustee for the wife,—a trustee having some duties to perform in reference to the property,—and that, with this single exception, equitable separate estates are now statutory.—*Connolley v. Mahoney,* 103 Ala 568; *Scharf v. Moore,* 102 Ala. 468, and authorities in those cases cited.

The errors assigned may, after this, be readily disposed of. There was no error in admitting the note and mortgage of the plaintiff to John C. Webb, and the transcript from the chancery court of Marengo county. The transcript was a history of the transaction out of which the note and mortgage grew. The conveyance of

the land sued for, to the plaintiff, by her husband, being
voluntary, was fraudulent and void as to the debts
of the husband, contracted before the date of its
execution, and it was so held in said chancery cause,
and the lands in question were, by the decree of said
court, ordered sold, for the payment of the debt of the
creditors filing the bill, in said equity proceeding. At
the sale made by the register, under that decree, John
C. Anderson became the purchaser, and paid the money
into court. A motion was made by L. L. Simmons, one
of the defendants in said suit, and the grantor in said
conveyance, to set aside said sale, for reasons he dis-
closed in his petition for that purpose. In order to make
a tender of the money which had been paid into court
by the purchaser, with 10 per cent. and lawful charges,
—said Simmons not being able to do so,—the plaintiff
herself, for the purpose of relieving her estate from the
incumbrance thus existing on it, borrowed the money
from said Webb, with which to make the tender, and
redeem the property from the charge and lien fixed on
it by said decree of the chancery court. Webb, who was
a total stranger to said chancery proceeding, and who
had no interest in it or the property in question, on ap-
plication to him, to lend the money for the purposes in
hand, refused to lend it to L. L. Simmons, but did agree
to lend it to Mrs. Simmons, upon her executing the note
and mortgage on the lands in suit, to secure the payment
of the same; and he did do so, L. L. Simmons giving his
written consent for his wife to execute the papers, and
joining with her, in the execution of the mortgage. The
note and mortgage were then, the independent contracts
and obligations of Mrs. Simmons, entered into to save
her own property, by relieving it from an incumbrance
on it, existing before she acquired it, and she is estopped
to deny their binding obligation on her. In equity,
whatever interest she has in the land, passed by the
mortgage as a security for the loan. She introduced the
deed of trust to Foster, as the title on which she seeks
to recover. The other papers referred to, were intro-
duced, very properly, against plaintiff's objection, to
show defendant's connection with the title. He intro-
duced, besides, deeds showing title from said Webb,
under said mortgage.

It is very clear, again, that the plaintiff had no legal

title to the land in question. That title was in Foster, the trustee, and she cannot maintain ejectment on it.

There was, therefore, no error in giving the general charge for the defendant,

Affirmed.