# Cherry, Trusteee *v.* Richardson
## and
## Cherry *v.* Richardson.

*Statutory Actions of Ejectment.*

1. *Trusts and trustees ; reversion of fee on termination of trust.*—Where
    in a deed of gift in trust for the grantor's wife and daughter
    and any after-born child or children, it is provided that the
    trustee should apply all the rents, proceeds and profits to the sole
    use and benefit of the wife for and during her life, and that the
    wife should have the power to sell any or all of the property,
    provided she re-invests the proceeds of such sale in other prop-
    erty for the use and benefit of the grantor's daughter and after-
    born children, and that the wife should have the privilege of
    making advancements of any portion of said property to his
    daughter and any after-born children, and that upon the death
    of the wife, said property should be distributed to the grantor's
    daughter and any after-born children, but such deed contains
    the further provision of trust that if the grantor survive his
    wife the property so conveyed in trust, or so much as had not
    been advanced to or distributed among his daughter and such
    other children as may have been born to his wife, shall, on the
    death of said wife be transferred and conveyed back to the
    grantor by the trustee,—if the wife dies, leaving the grantor sur-
    viving, without sales or advancements to the said daughter or
    other children under the power, the trust becomes extinguished
    and the legal title to the property so conveyed reverts to the
    grantor.

APPEAL from the Circuit Court of Marengo.

Tried before the Hon. JOHN C. ANDERSON.

These two causes involve the same lands, were tried upon the same facts, similar judgments were rendered in each, and they are, therefore, submitted together on appeal. Each case is a statutory action of ejectment brought against William Richardson for the recovery of certain lands specifically described in the complaint ; the lands sued for in each case being identical. S. A. Cherry sues as trustee under a deed of trust, and bases his right

of recovery upon the provisions of said deed. Sallie R. Cherry bases her right of recovery upon her right as *cestui que trust* named in said deed. The defendant in each case pleaded the general issue and the statute of limitations of ten years.

The causes were tried upon an agreed statement of facts, which was substantially as follows: On February 28, 1883, L. Lavender Simmons executed and delivered to one Thomas J. Foster a deed of trust, which was duly acknowledged and filed for record in the probate office of Marengo county, on March 1, 1883. This deed of trust was in words and figures as follows: "State of Alabama. Marengo County. Know all men by these presents, that I, L. Lavender Simmons, of said State and county, for and in consideration of the natural love and affection which I have and bear for my beloved wife Sallie J. Simmons and of the sincere and strong desire I have for providing for her comfortable maintenance and support during her natural life; and also of the natural love and affection which I have for my daughter Sallie R. Simmons and such other children as may be born to me of my said wife Sallie J. Simmons, and also in consideration of the trust and confidence which I have in the honor, honesty and integrity of Thomas J. Foster of the city of Demopolis in said county and State, do hereby bargain, give, grant, sell, and convey to him, the said Thos. J. Foster, the following real and personal property, viz.: The southeast quarter of section two; the west half of the northeast quarter of section twenty-two; the east half of the northeast quarter of section twenty-eight; the northeast quarter of the northwest quarter of section twenty-seven; the northeast quarter, and the east half of northwest quarter, and west half of southeast quarter, and east half of southwest quarter of section eleven, and the west half of the northwest quarter of section eleven, and the west half of the northwest quarter of section twenty-seven, all in township seventeen, range two east in Marengo county, Alabama; together with all and singular, the tenements, hereditaments, rights, privileges, and appurtenances thereunto belonging or in any wise appertaining. Also my double buggy and wagon, and all my horses, mules, cattle, hogs, sheep, goats, farming implements, household and kitchen fur-

niture ; all my corn, fodder, and cotton, and all such money or effects as may be coming to me from my father's estate, and all other property of any kind whatsoever that I am now or may be entitled to hereafter, in trust to him the said Thos. J. Foster, and with the design and purpose that he execute and perform my hereinafter expressed wishes in reference to the above mentioned real and personal property as follows, viz.: That he, the said Thos. J. Foster, trustee as aforesaid, shall apply all the rents, proceeds, issues and profits to the sole use, benefit and behoof of my said wife Sallie J. Simmons for and during the term of her natural life, free from the control, disposal, debts and liabilities of her said husband, permitting her the said Sallie J. Simmons, to control and manage said property and its proceeds as to her may seem best, and hire, rent, lease or sell any or all of it in any manner she may deem fit ; provided, that if the said Sallie J. Simmons shall make any such sale of the whole or any part of such property so conveyed, she may reinvest the proceeds of any such sale in other property of equal value in the name of said trustee for the use and benefit of my said daughter Sallie R. Simmons, and such other children as may be hereafter born as aforesaid ; provided, also, that my said wife may at her own election make advancements of any portion of said property to my said daughter, and such other children as may be hereafter born, as aforesaid ; provided, also, that my said wife may at her own election make advancements of any portion of said property to my said daughter, and such other children as may be hereafter born, as she or they may arrive at age or marry, without the same being considered a sale by her ; but should the said Sallie J. Simmons survive me and marry another husband, then it is my desire that the said trustee shall cause to be divided between her, the said Sallie J. Simmons and my said daughter, and such other children as may be hereafter born as aforesaid, or their heirs, if any, all my property which then remains undisposed of, according to the statutes of distribution of the State of Alabama, which shall then be in force ; and in the event that my said daughter, Sallie R. Simmons, or any hereafter to be born as aforesaid, shall sur-

vive my said wife, I give to my said daughter whatever portion of my said property that shall or may be distributed to them, respectively, under the provisions of this deed, to their sole and separate use, free from the control, management, disposition and debts of any husband, whom she or they may marry respectively; and on the further trust that in the event my said wife Sallie J. Simmons shall depart this life leaving me surviving, then the property hereinbefore conveyed or so much thereof as has not been advanced to or distributed among my said daughter, Sallie R. Simmons, and such other children as may be born to me by my said wife, shall on the death of said wife, Sallie J. Simmons, be transferred and conveyed back to me by said Thos. J. Foster, trustee as aforesaid, or his successors in office. In witness whereof I have hereunto subscribed my name and affixed my seal, this 28th day of February, A. D.. 1883. [Signed.] L. Lavender Simmons. [Seal.] Witness: J. H. McKinley."

. The other facts in the case, as shown by the agreed statement of facts, are sufficiently stated in the opinion. The court, at the request of the defendant, gave the general affirmative charge in his behalf, and to the giving of this charge the plaintiff in each case separately excepted.

There were verdict and judgment for the defendant in each case. The plaintiff in each case appeals, and separately assigns as error the giving of the general affirmative charge requested by the defendant.

BUSH & BUSH, for appellants.—A vested remainder was created in Sallie R. Simmons *eo instanti* the delivery of the deed of trust.—*Simmons v. Richardsou*, 107 Ala. 697; *Wilke v. McGraw*, 91 Ala. 631; *May v. Richie*, 65 Ala. 602; *Williamson v. McConnico*, 36 Ala. 22; *Robertson v. Johnson*, 36 Ala. 197; *Gibson v. Land*, 27 Ala. 117; 20 Am. and Eng. Encyc. of Law, 861; *Littel v. Moore*, 41 N. Y. 66; 2 Devlin on Deeds, 1150; *Foster v. Holland*, 56 Ala. 474.

"When property is given under a general power to A for life, and such children or other defined class, or in such shares as A shall appoint, a gift over will be im-

plied to the objects named in default of appointment by A.''—29 Amer. and Eng. Encyc. of Law, 393 ; Jarman on Wills, (5 Am. ed.), 551 ; *Smith v. Floyd*, 140 N. Y. 337.

TAYLOR & ELMORE, and C. K. ABRAHAMS, *contra.*— When the objects of a trust are fully performed, the title of the trustee ceases, and the legal title as well as the equitable vests in the beneficial owner.—*Peake v. Yeldell*, 17 Ala. 636, 647 ; *Connell v. Cole*, 89 Ala. 381, 384 ; *Jones v. Reese*, 65 Ala. 134 ; *Fox v. Storrs*, 75 Ala. 265 ; *Gosson v. Ladd*, 77 Ala. 223 ; *Christian v. Am. Freeh. Mort. Co.*, 92 Ala. 130 ; Code, 1886, § 1831 ; 67 Am. Dec. 447 ; Hill on Trustees, 481 (316) ; 1 Perry on Trusts, 320.

It is the uncertainty of the right to enjoyment in the future that marks a contingent interest.—4 Kent. Com. 206 ; *Smaw v. Young*, 109 Ala. 537 ; *Sager v. Galloway*, 113 Pa. St. 509.

A power of sale is discretionary when it is not imperative, or if imperative, when the time, manner or extent of its execution is left to the discretion of the trustee.— *Wells v. Amer. Movtg. Co.*, 109 Ala. 430 ; *Christian v. Am. Mort. Co.*, 92 Ala. 130.

Sallie J. Simmons, so far as appellants are concerned, took a fee simple title to the lands.—*Burns v. Dawson*, 66 Ala. 476 ; *Munger v. Swanson*, 110 Ala. 414 ; *Bolman v. Lohman*, 79 Ala. 63 ; *Adams v. Mason*, 85 Ala. 452 ; *Hood v. Bramlett*, 105 Ala. 660 ; 109 Ala. 430 ; *Durr v. Wilson*, 116 Ala. 125 ; *Dawson v. Ramser*, 58 Ala. 573.

HARALSON, J.—When this case was here on a former appeal (*Simmons v. Richardson*, 107 Ala. 697), in construing the deed from L. L. Simmons to Thos. J. Foster, trustee, set out in this transcript, we held, that the trustee therein was not a mere naked trustee, but one with active duties to perform ; that the grantor, L. L. Simmons, was making provision in said deed, not alone for the benefit of his wife, the plaintiff in that case— who was suing for the same lands as are here sued for by her daughter's trustee—but as well for his then only child and daughter, and such children as might be born

to him thereafter; that he created in his wife a life estate only in the lands described in the deed, subject to be diverted under the conditions named in the instrument, and that her estate in the lands was an equitable separate estate, not subject to the provisions of the Code as to separate estates of married women.

Prior to the execution of said trust deed, the grantor, the said L. L. Simmons, was indebted by promissory note to J. T. Jones and G. B. Johnston, in the sum of $350, and to enforce the collection of said note, they filed a bill against said L. L. Simmons and others, to subject the lands conveyed in said deed of trust by him to said Thos. J. Foster, trustee. The result of that litigation was, that a decree was rendered in favor of the complainants and the lands were ordered sold, and they were sold, but the sale was afterwards set aside, and by an arrangement between the parties, the cause was dropped from the docket.

It was admitted, that on the 13th October, 1888, said Sallie J. Simmons and her said husband, L. L. Simmons, duly and legally executed to John C. Webb a mortgage on 720 acres of the land sued for, which mortgage was duly recorded in the probate office of Marengo county; that the same was afterwards foreclosed, and said Jno. C. executed to Sallie C. Webb, a deed, of date February 20, 1890, conveying to her said land sued for in this action, and that in March, 1890, the said Sallie C. and John C. Webb by deed duly executed and recorded, conveyed said lands to the defendant Richardson. In the former suit it appeared, and is impliedly admitted by counsel here, that L. L. Simmons applied to said John C. Webb to raise the money to pay off the incumbrances on his lands conveyed to said trustee, and Webb would not lend him the money, but agreed to lend it to Mrs. Simmons upon her executing a note and mortgage on the lands to secure it, and did so; the husband, L. L. Simmons, giving his written consent for his wife to execute the papers, and joining with her in the execution of the mortgage. As we held before, whatever interest she had in the lands passed in equity by the mortgage as a security for the loan.

It was further shown, that on the 15th January, 1894, the said Sallie J. Simmons executed and delivered to the defendant, Richardson, for the sum of $1,600, which was

paid to her by him, a conveyance which was duly recorded to 120 acres of the lands sued for. This deed was witnessed, but not joined in by the said trustee, Thos. J. Foster, as a grantor therein. Inasmuch as the said trustee did not join in said mortgage to said John C. Webb, nor in said deed to the defendant, the legal title in said lands remained in said trustee. The former action was brought by Mrs. Simmons in ejectment for the same lands here sued for, and we held, that the facts showed she did not have the legal title to said lands, but from aught appearing, the title was in the trustee Foster, and she was not entitled to maintain the action.

It now appears, that said Sallie J. Simmons died on the 6th of June, 1896; that the said trustee, Thos. J. Foster, died on the 11th June, 1895, and that S. A. Cherry, the husband of the only child and daughter of said L. L. Simmons and his wife, Sallie J., was appointed trustee in said deed of trust as successor of said Thos. J. Foster, deceased, by the register in chancery of Marengo county, on the 26th October, 1896, and this suit was instituted the same day. The said L. L. Simmons, the grantor in said trust deed, still survives.

It serves our purpose now, to quote what we said in reference to this trust deed in our opinion in the case of *Simmons v. Richardson*, 107 Ala., *supra*. We there said: "It is provided in the deed, that he (the trustee) shall apply all the rents, proceeds, issues and profits of the property to the sole use, benefit and behoof of the plaintiff, the wife of the grantor, for and during the term of her natural life free from the control, disposal, debts and liabilities of her husband, the grantor, permitting the plaintiff to control and manage said property and its proceeds, as to her may seem best, and hire, rent, lease or sell any or all of it in any manner she may deem best. Here she is given the privilege of controlling the property by renting or selling, but if she should not exercise the power to do so, it remained with the trustee. Again, it was clearly within the contemplation of the grantor, that in case of sale of any of the property by the wife, she would re-invest the proceeds in other property, in order that his design in reference to his daughter and any after born children, might be carried out. The

provision in the deed in that respect is, 'Provided, if the said Sallie J. Simmons shall make any such sale of the whole or any part of such property conveyed, she may reinvest the proceeds of such sale in other property of equal value, *in the name of the said trustee*, for the use and benefit of (my) said daughter, Sallie R. Simmons, and such other children as may hereafter be born as aforesaid.' The consideration for making the deed had been declared in the beginning as follows: 'I, said L. Lavender Simmons, of said State and county, for and in consideration of the natural love and affection which I have and bear for my beloved wife, Sallie J. Simmons, and of the sincere and strong desire I have for providing for her comfortable maintenance and support, during her natural life, and also of the natural love and affection which I have for my daughter, Sallie R. Simmons, and such other children as may be born to me of my said wife, Sallie J. Simmons, and also, in consideration of the trust and confidence I have in the honor, honesty and integrity of Thos. J. Foster, * * * do hereby give, grant, bargain, sell and convey to the said Thos. J. Foster, the following real estate and personal property,' both fully described.''

It is further provided in said deed of trust, that said Sallie J. Simmons ''may, at her own election, make advancements of any portion of said property to my said daughter, and such other children as may be hereafter born as aforesaid, provided, also, that my said wife may, at her own election, make advancements of any portion of said property to my said daughter, and such other children as may be hereafter born, as she or they may arrive at age or marry, without the same being considered a sale by her; but should the said Sallie Simmons survive me and marry another husband, then it is my desire, that the said trustee shall cause to be divided between her, the said Sallie J. Simmons and my said daughter, and such other children as may be hereafter born as aforesaid, or their heirs, if any, all my property, which then remains undisposed of according to the statutes of distribution of the State which shall then be in force.''

Following this is another provision, that ''in the event my said daughter, Sallie R. Simmons, or any children to

be hereafter born as aforesaid, shall survive my said wife, I give to my said daughter whatever portion of said property, that shall or may be distributed to them, respectively, under the provisions of this deed to their sole and separate use,'' etc. It should be said in this connection, that Mrs. Simmons never advanced to her said daughter any part of the property conveyed under said deed of trust and never married again.

Said deed of trust contained still this further condition: ''And on the further trust that in the event my said wife, Sallie J. Simmons, shall depart this life, leaving me surviving, that the property hereinbefore conveyed, or so much as has not been advanced to or distributed among my said daughter, Sallie R. Simmons, and such other children as may be born to me by my said wife, shall, on the death of my said wife, Sallie J. Simmons, be transferred and conveyed back to me by the said Thos. J. Foster, trustee, as aforesaid, or his successor in office.''

It is to be observed, that this condition extends to all the property covered by said deed, without condition, except such portion of it as may have been given off by his wife to his children.

It will appear from all this, if the said Sallie J. Simmons during her life had the absolute right of disposition by sale of this property, as counsel for appellee suggests she may have had, but which we do not now decide, and her conveyances thereof transferred the legal title thereto, without the consent of, or the joining therein by the said trustee, then the sale by her to the defendant of the 120 acres of land, and the sale to him through the mortgage she gave to said Jno. C. Webb, passed the legal title to defendant, and plaintiff is not entitled to recover. If she only had a life estate and could convey no more than such an interest in the property, then, on her death, the trust would have been fully executed, and the legal title to the property passed,—under the provisions of the clause of the deed last quoted,—to the grantor, L. L. Simmons; and in that event, the plaintiff would not be entitled to maintain this action. ''The extent and duration of the estate (of a trustee) are determined by the object and

[Allen, Admr. *et al.* v. Caylor.]

extent of the trusts upon which the estate is given. It continues as long as there are any active duties to be performed, or any office in respect to the property to be fulfilled, but ceases on the cessation of the duties of the office. When the purposes of the trust have been accomplished, all having been done to their complete execution, there no longer remains any trust; the estate of the trustee terminates, and the equitable estate of the beneficial owner, if *in esse*, is converted into a legal estate."—*Doe v. Ladd*, 77 Ala. 223; *Connell v. Cole*, 89 Ala. 381; *Christian v. A. F. L. M. Co.*, 92 Ala. 130, 134; *Fox v. Storrs*, 75 Ala. 265; *Schaffer v. Lavretta*, 57 Ala. 14; 3 Brick. Dig. 788, § 89 *et seq;* 1 Perry on Trusts, § 312.

These two cases were submitted as one, the decision of one being decisive of the other.

In any view of the case, it appears the plaintiff could not maintain the suit.

Affirmed.