# Jordan *et al. v.* Phillips & Crew Co. *et al.*

*Bill in Equity to enforce Trust and divest Title.*

126   561
131   416
126   561.
142   342
142   343.

1.  *Partnership; lands owned by partnership must be conveyed by deed executed by individual members of firm.*—A partnership, not being a legal entity, can neither hold nor transmit by conveyance the legal title to land; but if land is partnership property, the legal title to the same rests in the individuals composing the firm as tenants in common, and can only be conveyed by a deed executed by the individuals composing the partnership.

2.  *Conveyance of land by tenants in common to one of the cotenants in trust; effect of conveyance as to trustee.*—Where two persons, owning individual moieties in land, convey the whole land to one of such owners in trust for the other and certain third parties named in the deed, the effect of such conveyance by the grantor who is named as trustee is a declaration by him of a trust in said land for the benefit of third parties merely, which, under the statute of uses, operates as a conveyance of both the legal and equitable estate owned by him in said land to such third parties.

3.  *Same; effect of conveyance as to other co-tenant.*—When such a conveyance imposes no active  duties upon the trustee named and simply makes him the repository of the legal title, the trust created by the deed is a dry naked trust, and when considered with reference to the other grantor, operates
36

[Jordan *et al.* v. Phillips & Crew Co. *et al.*]

under the statute of uses to convey the legal and equitable estate to the persons named as beneficiaries.

4. *Trust estates; when naked dry trust created.*—When a deed conveys land to a certain person as trustee for third parties named therein, and confers upon said trustee "full power and authority to sell or mortgage the same, to borrow money on the same for the purpose of the improvement thereof, to rent the same without the accountability for the rent thereof, and to make such improvements as said trustee as in his opinion would seem proper for and beneficial to the interest of the beneficiaries thereof," without imposing any other duties upon said trustee, the trust so created is a mere naked dry trust, and such deed operates, under the statute of uses, to convey both the legal and equitable estate to the persons named therein as beneficiaries.

5. *Same; maintenance of bill to divest title out of grantees of trustee.*—Where a bill is filed by the beneficiaries named in a trust deed conveying certain lands, to divest the legal title to said lands out of the grantees of the trustee, on the ground that the conveyance by the trustee to the respondents was in violation of the trust, if it appears from the trust deed, made an exhibit to the bill, that the trustee named therein acquired no legal title by such deed and therefore conveyed none to his grantees, the respondents, the bill is without equity; since the complainants have a complete and adequate remedy at law.

APPEAL from the Chancery Court of Henry.
Heard before the Hon. W. L. PARKS.

The bill in this case was filed by the appellants, H. C. Jordan, J. S. Jordan, J. J. Jordan, A. P. Jordan, E. Lee Jordan, E. B. Jordan and F. Rosa Simonton. The bill avers that on August 7, 1892, Junius Jordan became seized and possessed, as trustee, of certain lands, which are specially described in the bill of complaint under a deed of conveyance executed on that day; that in this deed of trust the complainants were named as beneficiaries and *cestuis que trust*. That upon the execution of said instruments, the said Junius Jordan went into possession of the said lands described in said bill and used them as such trustee until June 27, 1893, when Junius Jordan as such trustee unlawfully and in violation of his trust and contrary to the interest and rights of the *cestuis que trust*, sold said property conveyed to him in the deed of trust to Phillips & Crew Co. for the purpose

of paying an antecedent debt, due to Phillips & Crew Co. from Junius Jordan, and that the complainants, as said beneficiaries under said deed executed to Junius Jordan, have never received any compensation whatever for the divestiture of the title and the execution of the deed to Phillips & Crew Co. It was then averred that Junius Jordan died on June 4, 1893. The Phillips & Crew Co. were made parties defendant.

The prayer of the bill was for an accounting to ascertain what, if any, of rents, incomes or profits from said lands may be due from the respondents to the complainants, and that upon the final hearing the chancellor will decree that the complainants are entitled to the lands described in the bill and will order the title thereto divested out of the respondents and invested in the complainants.

The trust deed alleged in the bill to have been executed to Junius Jordan, as trustee, was attached to the bill as an exhibit and after naming the State and county was in words and figures as follows: "Know all men by these presents that we, J. Jordan & Co., a partnership composed of Junius Jordan and F .Rosa Simonton, the said F. Rosa Simonton being joined herein by her husband, J. H. Simonton, who hereby expresses his consent for the said F. Rosa to execute this instrument. and who also joins herein for the purpose of relinquishing all rights which he now has or may hereafter be entitled to in and to the property hereinafter described and set forth, for and in consideration of the sum of five hundred dollars ($500) to us in hand paid by Junius Jordan the receipt whereof is hereby acknowledged, do hereby grant, bargain, sell and convey unto the said Junius Jordan as trustee for H. C. Jordan, J. S. Jordan, Junius Jordan, Jr.. F. Rosa Simonton, A. P. Jordan, E. Lee Jordan and E. B. Jordan, the following described property:" (Here follows description of lands conveyed, which are the same as those described in the bill). "To have and to hold the aforegranted premises together will all the improvements and appurtenances thereunto belonging or in any wise appertaining, to the said Junius Jordan

as trustee aforesaid, his heirs and assigns forever, and the said Junius Jordan shall have full power and authority to sell or mortgage the same, to borrow money on the same for the purpose of the improvement thereof, to rent the same without the accountability for the rent thereof, and to make such improvements as said trustees as in his opinion would seem proper for and beneficial to the interest of the beneficiaries thereof. And we do covenant with the said Junius Jordan, trustee as aforesaid, that we are lawfully seized in fee of the aforegranted premises," etc. This deed was signed by "J. Jordan & Co." "Junius Jordan," "F. Rosa Simonton," "J. H. Simonton." The deed was filed for record in the probate court of Henry county on August 18, 1892.

To this bill the defendants demurred upon several grounds, which may be summarized as follows: 1. The complainants have an adequate remedy in a court of law. 2. Said bill shows on its face that if complainants have any remedy it is by means of an action of ejectment at law. 3. Said bill shows on its face that Junius Jordan, who conveyed the lands in controversy to the respondents had an absolute power of disposition, not accompanied by any trust, to sell and convey the same, 4. Said bill shows on its face that an absolute power of disposition over the property in controversy was given to Junius Jordan, from whom respondents claim title and to whom no particular was limited and that respondents were creditors of the said Junius Jordan at the time of his conveyance to them. 5. Said bill shows on its face that Junius Jordan had an absolute power of disposition over the property in controversy, that the same was not accompanied by any trust and that no remainder was limited on his estate.

On the submission of the cause on the demurrers, the chancellor rendered a decree sustaining them. From this decree the complainants appeal and assign the rendition thereof as error.

J. B. DELL, for appellant.—Complainants have not an adequate remedy at law. The trustee is vested with the legal title, such as would sustain or resist an action

of ejectment at law, and a wrongful conveyance by him can only be set aside in a court of chancery.—*Robinson v. Pierce*, 118 Ala. 274; *Huckabee v. Billingsley*, 16 Ala. 414; *McBrayer v. Cariker*, 64 Ala. 50; *Randolph v. East Birmingham Land Co.*, 104 Ala. 355.

There was an intention on the part of the grantor to convey the property in controversy to a trustee that it might be held and protected for the benefit of the beneficiaries. A court of equity will never favor a construction that confers upon a trustee absolute and uncontrollable powers, for this would present the anomaly of a private trust without an enforcable right on the part of the beneficiaries.—*Heydel v. Hurck*, 5 Mo. App. 274; *McDonald v. McDonald*, 92 Ala. 542.

A sale by a trustee of the trust estate in payment of his individual debts is in equity void as against the beneficiaries, even though the trustee is vested with a power of discretion.—*Randolph v. East Birmingham Land Co.*, 104 Ala. 355; *Wormley v. Wormley*, 8 Wheaton (U. S.); 2 Lewin on Trusts, 616; 2 Perry on Trusts, §§ 508-511.

HARMON, DENT & WEIL, *contra.*—It is perfectly clear that no active trust duties are imposed by the deed to Junius Jordan in behalf of the complainants. If the deed in question, then, is a trust deed, it is a mere naked or dry trust, which, under the Statute of Uses, would operate to vest the legal title in the beneficiaries, giving the person named as trustee no title of any kind or character whatever. This being true, complainants would have a clear and adequate remedy to recover the land by an action of ejectment at law.—Code of 1896, § 1027; *You v. Flinn*, 34 Ala. 409; *Connell v. Cole*, 89 Ala. 381.

By the terms of the deed Junius Jordan was given the power of disposition, and there are no provisions in the deed by which it should be exercised in trust; it therefore follows that he had the absolute fee in the premises, especially in respect to the rights of his creditors, of whom this respondent was one.—Code of 1896, §§ 1047-8; *Wells v. American Mfg. Co.*, 109 Ala. 430; *Bolman v. Lohman*, 79 Ala. 63 and authorities cited.

[Jordan *et al.* v. Phillips & Crew Co. *et al.*]

DOWDELL, J.—The deed attached as exhibit "A" to the bill and under which the complainants set up their claim as *cestuis que trust*, has some novel features. There is no averment in the bill as to how the estate in the lands in question was held prior to and at the time of the execution of this deed. The instrument purports to be a conveyance by a partnership in the partnership name of J. Jordan & Co., but proceeds to set out the names of the individuals composing the firm, to-wit, Junius Jordan and F. Rosa Simonton, and is executed in the name of the partnership, J. Jordan & Co., and the individuals Junius Jordan and F. Rosa Simonton, and J. H. Simonton, the husband of Rosa, joining in the execution. The conveyance of the title is to Junius Jordan as trustee for F. Rosa Simonton and other named parties upon a recited consideration of five hundred dollars from the said Junius Jordan to the grantors.

The partnership J. Jordan & Co. not being a legal entity, it could neither hold nor transmit by conveyance the legal title to land. If the land was partnership property the legal title to same rested in the individuals composing the firm as tenants in common. As a valid deed conveying the legal title in the land it must, therefore, rest upon the fact of its execution by the individuals composing the partnership.

We have then the case presented, of two grantors, each owning an undivided moiety in the land, conveying the whole to one of the grantors in trust for the other grantor and certain third parties named in the deed. That a person cannot at the same time be grantor and grantee in a conveyance of the legal title to land, is obvious. The effect, therefore, of the conveyance by Junius Jordan is a declaration by him of a trust in the land for the benefit of third parties merely, and under the statute of uses, operates a conveyance of both legal and equitable estate owned by him in the land to such third parties. When considered with reference to F. Rosa Simonton, the conveyance being "to Junius Jordan as, trustee for F. Rosa Simonton" and other parties named, imposing no active duties upon the trustee, simply making him the repository of the legal title, the trust created by the deed

is nothing more than a dry naked trust, and likewise under the statute operates to convey the estate both legal and equitable to the persons named as beneficiaries. Code, 1896, § 1027; You v. Flinn, 34 Ala. 409; Connell v. Cole, 89 Ala. 381.

The power mentioned in the deed following after the habendum clause is personal to the grantee, resting merely in his discretion. It is coupled with no duty expressed or implied in the contract or conveyance requiring of him its exercise. No duty being imposed by the deed, there was nothing to intercept the vesting of the legal title in the cestui que trustent, at the time of its execution, under the statute of uses. Having then no title, legal or equitable, to convey, the deed he made to the appellees passed no title to them, unless it can be deduced through a valid execution of the power to sell. The averments of the bill are that the trustee "unlawfully and in violation of his trust" conveyed said property to pay his individual debt. This not being a sale and conveyance in execution of the power, the deed is void at law and passed no title to the grantees.—Russell v. Russell, 36 N. Y. 581; 27 Am. & Eng. Encyc. Law, p. 232.

From the view which we have taken, it is manifest that Junius Jordan had no legal title under the pretended trust deed, which he could convey to the respondent Phillips & Crew Company, and the purpose of complainants' bill being the divestiture of the legal title to the lands passing by said deed, out of the said respondent and a vestiture of the same in the complainants, it is without equity. For the recovery of the possession of the land, as well as for recovery of rents or damages for use and occupation, the complainants have a complete and adequate remedy at law.

There was no error in sustaining the demurrer to the bill, and the decree of the chancellor must be affirmed.