# Huntington *v.* Spear.

*Common Law Action of Ejectment.*

1. *Trusts and trustee; trustee of dry naked trust without power to convey.*—A deed to a trustee reciting the payment of the consideration by said named trustee "for the sole and separate use of," the named beneficiary, and in which the habendum clause reads: "To have and to hold the said released premises unto ⌐⌐e said" named trustee "in trust for the said" beneficiary, as aforesaid, creates nothing more than a dry naked trust, and confers on the trustee no power of disposition and imposes no duty upon him as trustee; and, therefore, under the statute, (Code, § 1027), the legal title of the property so conveyed vested in the beneficiary.

2. *Ejectment; admissibility of deed.*—In an action of ejectment, where the plaintiff claims under a deed executed by a certain named person as trustee, and the grantor in said deed had no power of disposition conferred upon him by the deed of trust executed to him, but was the holder of a dry naked trust, the deed executed by said trustee under which the plaintiff claims, is inadmissible in evidence.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WILLIAM S. ANDERSON.

This was a common law action of ejectment, brought by the appellant against the appellee. The cause was tried upon issue joined upon the plea of the general issue.

The plaintiff offered to introduce in evidence a deed from Edward Gage, trustee, through which deed the plaintiff claimed title. The defendant objected to the introduction of this deed in evidence, upon the ground

that the conveyance to Gage as trustee conferred upon him no power to sell and convey the land. The court sustained this objection, refused to allow the deed to be introduced in evidence, and to this ruling the plaintiff excepted. The deed of trust to Edward Gage, as trustee, was executed by F. S. Lyon as commissioner and trustee of the Branch Bank of the State of Alabama at Mobile. This deed in expressing the consideration, recited that it was paid by Edward Gage "as trustee for the sole and separate use of Mrs. Marian Gage." The habendum clause of the deed read as follows: "To have and to hold the said released premises unto the said Edward Gage in trust for the said Mrs. Marian Gage, as aforesaid, his heirs and assigns unto his own proper use, benefit and behoof forever."

Upon the court's excluding from the evidence the deed from Edward Gage as trustee, the plaintiff took a non-suit with bill of exceptions. Judgment was rendered for the defendant, and the plaintiff appeals, and assigns as error the rulings of the court upon the evidence.

R. T. ERVIN, for appellant, cited *Robinson v. Pierce*, 118 Ala. 286.

L. H. & E. W. FAITH, *contra*, cited *Tindall v. Drake*, 51 Ala. 574; *Smyth v. Oliver*, 31 Ala. 39; *Schaffer v. Lavretta*, 57 Ala. 14; *Wilkinson v. May*, 69 Ala. 33; *Jordan v. Phillips*, 126 Ala. 561.

DOWDELL, J.—This is a common law action of ejectment. There are two demises laid in the complaint. Upon the trial the plaintiff was compelled to take a non-suit on account of the adverse ruling of the court in the exclusion of evidence. The evidence excluded was a deed executed by Edward Gage as trustee on the 11th day of June, 1853, and is set out in the bill of exceptions. The only pretense of title in Gage, was claimed under the deed of F. S. Lyon as commissioner and trustee executed on the 22d day of April, 1852, which was offered in evidence by the plaintiff to show his title. This latter deed is also set out in the bill of

[Brazel *et al.* v. New South Coal Co.]

exceptions. There were several grounds of objection made by the defendant to the admission in evidence of the deed of Edward Gage trustee, but we need to consider only one of the grounds, which we think conclusive upon the question of the correctness of the trial court's ruling. The deed from Lyon to Gage was to the latter as trustee for the use and benefit of Mrs. Marian Gage. This deed conferred no power on the trustee, nor did it impose any duty upon him as such. By it, he was merely made the repository of the legal title. The trust created was nothing more than a dry naked trust, and by force of the statute, section 1306, Code of 1852, which is the same as section 1027 of the present Code (1896), the legal title vested in the beneficiary, Mrs. Marian Gage.—*You v. Flinn,* 34 Ala. 414; *Tindall v. Drake,* 51 Ala. 574; *Wilkinson v. May,* 69 Ala. 33; *Jordan v. Phillips & Crew,* 126 Ala. 561.

In the case of *Robinson et al. v. Pierce et al.,* 118 Ala. 273, which is relied upon by the appellant as an authority, there is nothing opposed to the view we have expressed and which is supported by the authorities cited above. In the deed in the case of *Robinson et al. v. Pierce, et al.* there was a power coupled with the trust in the execution of which active duties were imposed upon the trustee. Such is not the case here, and that fact wholly differentiates that case from the one at bar. No title being shown in Edward Gage, the court committed no error in the exclusion of the deed, and the judgment will be affirmed.

Affirmed.