[Berry *et al.* v. Bromberg, Excr.]

# Berry *et al. v.* Bromberg, Excr.

*Bill in Equity to construe Trust Deed, declare Trust ter-*
*minated, and to compel Executor to settle ad-*
*ministration of Deceased Trustee.*

1. *Trust deed; when trust under terminated.*—Where property is
conveyed to a trustee, "To have · and to hold the above de-
scribed real estate.upon the following terms and for the fol-
lowing uses and purposes and no other. That is to say the
said Cecil Carter is hereby constituted trustee of said Alice
E. Berry, her husband, William A. Berry, joining in the con-
veyance for that purpose. To hold said property herein de-
scribed for the use and benefit of said Alice E. Berry, wife of
William A. Berry, and during the term of her natural life,
and for the benefit of her children during their natural lives.
The income to be derived from said property in the way of
rents, after all expenses of insurance, taxes and other legal
assessments are deducted from the same, only to be used for
that purpose, and after the death of said Alice E. Berry the
said real estate to be held in trust for the benefit of the chil-
dren of the said Alice E. Berry. It is hereby covenanted
that the real estate shall not be sold by said trustee, Cecil Car-
ter, he holding the same for the benefit of the said Alice E.
Berry during the term of her natural life, and after her death
in trust for the benefit and use of the children of said Alice
E. Berry." The trust thereby created terminated on the death
of Alice E. Berry, and both the legal and equitable title to
said property vested in her children.

2. *Bill to construe trust deed and to terminate trust; when without*
*equity.*—In such a case, a bill filed by the children of Alice
E. Berry against the executor of the deceased trustee, which
alleges the death of their mother and father, charges that the
executor has come into possession of certain funds belonging
to them in his executorial capacity, and avers that since the
death of their mother the title as well as the use and benefit
and interest in the property conveyed has vested in complain-
ants, and that the trusteeship is vacant on account of the
death of Carter, and which renounces each and every benefit,

[Berry *et al.* v. Bromberg, Excr.]

right and interest the complainants possess under the trust deed, and prays that the trust created by the deed be adjudged to be terminated upon the death of Alice E. Berry, and to be non-existant, and that the executor be required to render and make an accounting of the administration of the said Cecil Carter of the said trust; or, in the alternative, prays that if the trust did not expire on the death of said Alice E. Berry, that upon their renunciation of said trust, that the trust be decreed to be henceforth annulled, and to have failed for the want of willing beneficiaries thereunder, does not state a case for equitable relief, and a motion to dismiss the same for want of equity should be granted.

APPEAL from Chancery Court of Mobile.

Heard before the Hon. THOMAS H. SMITH.

The bill in this case was filed by the appellants, who are the children of Alice E. Berry, deceased, against the appellee as the executor of Cecil Carter, who in his lifetime was the trustee in a certain deed of trust executed by Mrs. Berry.

The material averments and the objects of the bill are sufficiently stated in the opinion.

The chancellor dismissed the bill for want of equity, and from his said decree this appeal is prosecuted.

FITTS & STOUTZ, for appellants.—There was no active duty put upon the trustee, and the trust was but a naked or self executing trust, which under the statutes, would at once have vested the legal title in the *cestuis que trustent* but for the necessity of the trustee holding the title to determine who are the children who will take at the death of Mrs. Berry.—*McBrayer v. Cariker,* 64 Ala. 50; *Gindrat v. Western Railroad Co.,* 96 Ala. 165; *Jordan v. Phillips,* 126 Ala. 561.

In any event the deed never contemplated that the trust should last longer than the time when the children should attain their majority. It had then effected the full purposes of the trust and that being the case the trust was at an end.—*Gosson v. Ladd,* 77 Ala. 231; *Schaffer v. Lavretta,* 57 Ala. 16; *Cherry v. Richardson,* 120 Ala.

[Berry *et al.* v. Bromberg, Excr.]

FREDERICK G. BROMBERG, *contra.*—There is no equity in the bill because it seeks an accounting from the appellee, as an executor of the trustee of an express trust, wholly because of his executorial office, in the face of the statute, now in force since the Code of 1852, which positively forbids the devolution of trust property upon the executor by virtue of his executorial office.—Code of 1896 Sec. 1044; *McDougal's Admr. v. Carey,* 38 Ala. 320; *Read v. Rowan,* 107 Ala. 346.

The appellants expressly assert that the trust expired when their mother died, and that the legal title to all the property and its proceeds thereafter vested in them, and such being the case what standing have they in a court of equity. Again they have expressly renounced and disclaimed all equitable rights. Their remedies are therefore in a court of law, and nowhere else.

ANDERSON, J.—The bill was filed by the complainants against the respondent, Bromberg as the executor of Cecil Carter, deceased. Respondent demurred to the bill and also moved to dismiss for want of equity. The chancellor sustained the motion to dismiss and from which said ruling this appeal is taken. The bill seeks to have the said executor, Bromberg, account for certain funds collected by his testator as trustee for the complainants, and also asks for a construction of a certain trust deed, which is set out in the bill and prays to have the trust thereby created, terminated and declared non-existent. It appears that Alice H. Berry, wife of W. S. Berry, owned considerable property in the city of Mobile which she inherited, as is recited in said trust deed. On October the 2nd, 1883, the said Alice and her husband conveyed to one, Cecil Carter, respondent's testator, said property. The habendum clause of said deed being as follows, to-wit: "To have and to hold the above described real estate, upon the following terms and for the following uses and purposes and no other. That is to say that Cecil Carter is hereby constituted trustee of said Alice E. Berry, her husband, William A. Berry joining in the conveyance for that purpose. To hold said property herein described for the use and benefit of

said Alice E. Berry, wife of William A. Berry, and during the term of her natural life, and for the benefit of her children during their natural lives. The income to be derived from said property in the way of rents after all expenses of insurance, taxes and other legal assessments are deducted from the same, only to be used for that purpose and after the death of said Alice E. Berry, the said real estate to be held in trust for the benefit of the children of the said Alice E. Berry. It is hereby covenanted that the said real estate shall not be sold by said trustee Cecil Carter, he holding the same for the benefit of the said Alice E. Berry during the term of her natural life, and after her death in trust for the benefit and use of the children of said Alice E. Berry."

The bill avers that complainants are the only children and sole heirs of said Alice Berry, and are each over the age of twenty-one years. That their mother died in May, 1895, and that the trustee Carter died in June, 1903. The bill further avers that the said Bromberg came into the possession of certain funds belonging to them, in his executorial capacity.

If the trust has expired, or was never in fact more than a dry or naked trust, the complainants do not need the aid of the chancery court.—*Jordan v. Phillips, et al.,* 126 Ala. 561.

In construing said trust deed, we must bear in mind the statute on the subject. Section 1020 of the Code of 1896, requires that all conveyances of land be construed as fees unless expressly limited. Section 1027, provides for the vesting of the legal estate in the beneficial owner in certain instances. Section 1028, makes certain exceptions to the rule as set out in the preceding section.

If this case falls under § 1027, the trustee never had the legal title. If under § 1028, did he have the legal title and if so has it just terminated? The foregoing statutes seem to have been derived from the revised statutes of New York and to have been adopted by us as far back as 1852, and Justice Stone very clearly discusses their purpose and application in the case of *You v. Flinn,* 34 Ala. 409.

The deed in question does not in express terms charge the trustee with the discharge of any duties whatsoever, and indicates that he is but a dry trustee, named only as a depositary for the legal title.—*Hunington v. Spear,* 131 Ala. 414; *You v. Flinn,* 34 Ala. 409; *Tindal v. Drake,* 51 Ala. 574; *Wilkinson v. May,* 69 Ala. 33; *Jordan v. Phillips,* 126 Ala. 561. The deed was executed in 1883, and under the law then of force, this property was her separate statutory estate. Her husband was entitled to the rents and profits. The corpus was liable for family necessities and the husband also had a life estate therein if she died intestate. She doubtless desired to get rid of his trusteeship and secure the income from said property to herself and children and to use the trustee as a medium through which the husband's marital rights should be divested. She was joined in the conveyance by her husband and the deed recites his "repeated declarations of willingness to join in the same;" indicating that she was cognizant of his rights in the property, and giving notoriety to the fact that he was wishing to relinquish them. If, however, the trustee was charged by implication with the control and management of the property and was not naked trustee, when did or when will the duties cease and when will the trust terminate?

It is clear from the averments of the bill that Mrs. Berry and her husband are both dead; that the two complainants are her children and only descendents, and that they are now the sole owners of the property and that there are no duties to be performed by a trustee. Mr. Justice Clopton, in *Doe ex dem Gosson, v. Ladd,* 77 Ala. 231, quotes from Perry on Trusts, § 320: "Where an estate is given to trustees, and their heirs, in trust to pay the income to A, during her life, and at her decease to hold the same for the use of her children, or her heirs, or for the use of other persons named, the trust ceases upon the death of A, for the reason that it remains no longer an active trust; the statute of uses immediately executes the use in those who are limited to take it after the death of A., and the trustee ceases to have any thing in the estate,—not because the court had abridged their estate to the extent of the trust, but because, having the

fee or legal estate, the statute of uses has executed it in the *cestui que trust,*" and approvingly says, "The policy and purpose of the statute are to remedy the evil and inconvenience of a separation of the legal and equitable estates, and to consummate their merger, as soon as such union is practicable, consistently with the intention of the grantor, as expressed in the conveyance." See, also, *Cherry v. Richardson,* 120 Ala. 250, and cases there cited.

The decree of the chancellor dismissing the bill for want of equity is affirmed.

Affirmed.

McCLELLAN, C. J., TYSON and SIMPSON, J.J., concurring.