# Everett *v.* Jordan.

## *Ejectment.*

(Decided June 30, 1906. Rehearing denied May 6, 1907. 43 So. 811.)

*Trusts; Construction; Nature of Estate.*—Where a partnership of two owning land conveyed it to one of the partners in trust for the other partner and third persons named therein, to hold with power to sell, etc., the legal title to the same passed under the statute of uses and vested in the beneficiary, so that the power was ineffectual and the trustee was without authority to convey. Sections 1046-1050, inclusive have no application to the facts in this case.

APPEAL from Houston Circuit Court.

Heard before Hon. TERRY RICHARDSON, Special Judge.

Ejectment by H. C. Jordan and others against Jane Everett and others. From a judgment for plaintiffs, defendants appeal. Affirmed.

See 40 South. 386.

The cause was tried on an agreed statement of facts, as follows: The land in controversy originally belonged to the partnership of J. Jordan & Co., composed of Junius Jordan and F. Rosa Simonson. On the 17th day of August, 1892, the partnership and the individuals composing the firm executed a deed to the senior member of the firm, J. Jordan, he being both grantor and grantee in the same, which deed is as follows: "We, J. Jordan & Co., a partnership composed of J. Jordan and F. Rosa Simonson, who is joined by her husband, J. H. Simonson, who expresses his consent for his said wife to execute this instrument, and who also joins herein for the purpose of relinquishing all rights which he now has or may be hereafter entitled to, for and in consideration of the sum of five hundred dollars, to us in hand paid by said Junius Jordan, the receipt of which is hereby

[Everett v. Jordan.]

acknowledged, do hereby grant, bargain, sell, and convey unto the said Junius. Jordan, as trustee for H. C. Jordan, J. S. Jordan, Junius Jordan, Jr., A. P. Jordan, E. Lee Jordan, E. D. Jordan, and F. Rosa Simonson, the following described property, to-wit: (Here follows a description of the property sued for.) To have and to hold the aforesaid premises, together will all the improvements and appurtenances thereunto belonging or in any way appertaining, to the said Junius Jordan, trustee as aforesaid, his heirs and assigns, forever; and the said Junius Jordan shall have full power and authority to sell or mortgage the same, to borrow money on the same for the purpose of improvements thereof, to rent the same without accountability for the rent thereof, and to make such improvements as said trustee as in his opinion would seem proper for and beneficial to the interest of the beneficiaries thereof." Then follow the usual covenants of warranty, the signatures of the parties, and witnesses, and the filing of the same on the 18th of August, 1892. On the 20th day of June, 1893, Junius Jordan conveyed the land in controversy to Phillips & Crew Company for an express consideration of $1,500; but the real consideration was an indebtedness due by the said firm of J. Jordan & Co. to the said Phillips & Crew Company, and said deed was made for the purpose of satisfying and discharging said indebtedness so due and owing by said firm of J. Jordan & Co., and the value of the property so conveyed was not greater in amount than the amount of the indebtedness of Jordan & Co. to said Phillips & Crew Company. The proceedings of the chancery court, wherein the plaintiffs here were complainants and Phillips & Crew Company were respondents, are set out, in which these plaintiffs sought to set aside the deed made by Jordan to the Phillips & Crew Company, as a violation of the trust, and for that

it was an antecedent debt. It is further shown that de-
murrers were sustained to the bill, from which decree
the plaintiff took an appeal to the Supreme Court, which
resulted in the affirmance of the chancery decree. It was
further agreed that the real consideration for the deed
of August 17, 1892, was $500, and that the rental value
of the praperty was $8 per month. It was suggested
that Jane Everett, the defendant, is the tenant of Phil-
lips & Crew Company, and upon notice, the Phillips
& Crew Company came in and defended by their attor-
neys. This was all the evidence, and the court gave the
affirmative charge for plaintiff.

S. H. DENT, JR., and ESPY & FARMER, for appellant.—
The consideration of the deed in question was a valu-
able one, whereas, a covenant to stand seized is only
operative in those conveyances based upon a considera-
tion of relationship.—9 A. & E. Ency. of Law, 101 and
note. No remainder is limited upon the estate of Junius
Jordan as the donee of the power, and he had an abso-
lute fee and the right to sell.—Sections 1046-1050, Code
1896; Wells v. Mortgage Co., 109 Ala. 430; Hood v.
Bramlett, 105 Ala. 660; Adams v. Mason, 85 Ala. 452.

R. D. CRAWFORD, for appellee.—The facts presented
in this case are the same as in the case of Jordan v. Phil-
lips & Crew Co., 126 Ala. 561. Under the deed in ques-
tion the title passed by the statute of uses to the bene-
ficiaries and no trust estate was created.—Section 1027,
Code 1896; 34 Ala. 409.

DOWDELL, J.—On the facts here presented. it was
decided in Jordan v. Phillips. 126 Ala. 561, 29 South.
831, that the legal title to the land in question was in
the appellees. The power contained in the habendum
clause of the deed was one that was dependent upon the

existence of a valid trust. The failure to create by the deed a valid trust, and the vesting of the legal title under the statute of uses in the appellees, rendered the power expressed in the habendum clause, which was evidently intended as a power to be exercised only in the event of a creation of a valid trust, and not as an express grant of power under the statute, of no effect. Neither of the sections of the Code of 1896 from 1046 to 1050, inclusive, have any application to the case.

Affirmed.

TYSON, C. J., and HARALSON, SIMPSON, ANDERSON, and DENSON, JJ., concur.