# Maxwell *v.* Sherman.

## *Fraud and Deceit.*

(Decided April 13, 1911. Rehearing denied June 8, 1911.
55 South. 520.)

1. *Fraud; Misrepresentation; Subject Matter.*—A purchaser of land may maintain an action at law for damages for false and fraudulent representation as to the quality, quantity, situation, or title of the land, or as to its boundaries.

2. *Same; Action; Conditions Preceding; Eviction or Surrender of Possession.*—The rule that one must have been evicted from land, or have given up possession of it, before rescinding his contract, is based on conveyances with covenants for quiet enjoyment, or general warranty of title, and has no reference to an action of deceit or fraud for damages.

3. *Same; Damages; Actual and Represented Value.*—In an action at law for false or fraudulent representation as to the quantity of the land, or as to its boundaries, the measure of damages is the difference between the value of the land as it is, and what its value would have been had it been as represented.

4. *Vendor and Purchaser; Recision by Purchaser.*—The purchaser of land may rescind his contract for false or fraudulent representation as to the quantity or boundary of land.

[Maxwell v. Sherman.]

5. *Same; Restoration of Possession.*—The purchaser must, as a condition precedent to rescinding his purchase, restore possession of the land to the vendor.

6. *Good Will; Sale.*—The good will of a physician or other professional man is a property asset, subject to disposal in the same manner as the good will of any other business.

7. *Good Will; Breach of Contract of Sale.*—The breach of contract of sale of the good will of a physician brings about the same liabilities as a breach of the sale of any other good will.

APPEAL from Marshall Circuit Court.

Heard before Hon. A. H. ALSTON.

Suit by C. K. Maxwell against James R. Sherman for fraud and deceit. Judgment sustaining demurrer to the complaint, and plaintiff appeals. Reversed, rendered, and remanded.

The complaint contained 14 counts, some of which claim in various phraseology damages for misrepresentation and fraud in the sale of certain property within the town of Albertville. The others in varying phraseology claim damages for the breach of the contract in the sale of the practice and good will of the defendant as a physician to the plaintiff as a physician, alleging a promise on the part of the defendant to retire from the practice in and about Albertville. The demurrers raise the points discussed in the opinion.

JOHN A. LUSK, A. E. GOODHUE, GEO. E. SORRELL, E. O. MCCORD, and A. E. HAWKINS, for appellant. Good will defined.—14 A. & E. Ency. of Law, 1085; 20 Cyc. 1275. It may exist in a profession as well as in any other business.—Authorities supra. It is capable of a sale.—1 Page on Contracts, sec. 374. An action at law may be had for fraud or misrepresentation as to the nature, quality, quantity, etc., of land.—2 Warvelle on Vendors, Sec. 942; 149 Mass. 188; 156 Mass. 111; *Prickett v. Monroe*, 22 Ala. 502; *Perry v. Johnston*, 59 Ala. 653.

STREET, ISBELL & BRADFORD, for appellee. The attempted sale of the good will was worthless.—14 A. & E. Ency.. of Law, 1091; 16 Am. Rep. 597; 12 Am. Rep. 290. It is a fundamental rule that one who retains possession of land purchased can make no defense and maintain no action as to title, quality or boundary.— *Young v. Harris*, 2 Ala. 108; *Sivoli v. Scott*, 56 Ala. 555; *Lett v. Brown*, 56 Ala. 550; *Patton v. Ingram*, 15 Ala. 69; *Union Stove Co. v. Smith*, 116 Ala. 416.

SIMPSON, J.—This is an action by the appellant against the appellee for damages for the breach of a contract to sell land and the good will of a practicing physician. Some of the counts claimed damages for the fraud and deceit of the defendant in representing that the practice which he was selling to the plaintiff was very much more lucrative than it really was, and other counts claimed damages for the fraud and deceit of the defendant in representing to the plaintiff that all of the land included in the fence around the property purchased belonged to the defendant and would go with the sale, whereas the fact is that a considerable part of said inclosure belongs to the town of Albertville as a part of the streets of said town, thus placing the house on said property either on the street or so near thereto as to greatly impair its value.

The appellee insists that under the decisions of this court the plaintiff cannot claim for the misrepresentations in regard to the boundaries of the land conveyed, without showing that he has surrendered the possession of the same. There are cases which relate to a general failure of title, or to an incumbrance upon the land, and also to the question as to whether these matters could, under statutes then existing, be set up as a defense to a suit for recovery on the purchase-money

notes, the purchaser remaining in possession, and also as to whether a bill in chancery could be maintained for compensation, in which latter case it was held that the party had an adequate remedy at law for damages; but we do not find in any of them any intimation that a vendee may not maintain a direct action for deceit or fraud in making representations that are not true as to a matter of fact affecting the value of the land.—*Cullum v. Branch Bank,* 4 Ala. 21, 34, 37 Am. Dec. 725; *Patton v. England,* 15 Ala. 69; *Magee v. McMillan,* 30 Ala. 420, 422; *Lett v. Brown,* 56 Ala. 550; *Jones et al. v. State, to use, etc.,* 100 Ala. 209, 14 South. 115; *Sivoly v. Scott, et al.,* 56 Ala. 555, 558; *Union Stave Co. v. Smith,* 116 Ala. 416, 22 South. 275, 67 Am. St. Rep. 140. On the other hand, it is laid down by able text-writers that for false or fraudulent representations "relating to the quality, quantity, situation, or title to the property sold," or to the "extent or boundaries" of the same, the purchaser has sufficient ground for an action at law for damages.—2 Warvelle on Vendors, §§ 942, 952, pp. 1122, 1134. Our own court has held the same.—*Pritchett v. Munroe,* 22 Ala. 502, 510; *Kelly's Heirs v. Allen,* 34 Ala. 663, 668; *Perry v. Johnston et al.,* 59 Ala. 648, 653.

The cases which hold that the vendee must have been evicted from the land, or have given up the possession, are based upon the covenants for quiet enjoyment, or general warranty of title, and have no reference to an action for deceit, in which the measure of damages is the "difference between the value of the land as it is, and what its value would have been if its condition and quality had been as represented."—2 Warvelle on Vendors, § 943, p. 1125; section 976, p. 1166; section 977, p. 1169. The case of *Christian v. Scott,* 1 Stew. 490, 492, 493, 18 Am. Dec. 68, rests upon the fact that the plea

was a total failure of consideration; the court saying: "There was not a total failure of consideration, for the vendee had the use and occupation of the land from the period of sale to the present time." Also: "Perhaps in an action of covenant on the warranty expressed in the deed or implied in law, a subsisting incumbrance at the time of the sale would be evidence of a breach of covenant, and support the action, without an eviction by title paramount." The case of *Dunn, to use, etc., v. White & McCurdy,* 1 Ala. 645, rests upon the principle that the statute of offsets did not cover unliquidated damages, and that "resort must be had to the covenants in the deed." The case of *Cullom v. Branch Bank,* 4 Ala. 21, 37 Am. Dec. 725, and *Patton v. England,* 15 Ala. 69, relate to defenses against actions for purchase money, where defendant had received some benefit from the possession of the land; and the case of *Lett v. Brown,* was an effort to recover in an action of trover the entire purchase consideration.

The case of *Cozzins v. Whitaker,* 13 Stew. & P. 322, 329, was an action for deceit in the sale of a slave, and this court said: "As respects the necessity of an offer by the vendee to return the property which was the subject of the alleged fraudulent sale, I am of opinion that this was not necessary to entitle the plaintiff to his action for the amount of injury sustained. Had his object been to rescind the contract and recover back the consideration paid, or, if not paid, to entirely avoid the demand, then the return, or an offer to do so, *　*　* would have been necessary." The case just cited is referred to, and the same rule declared to apply to sales of lands.—*Morgan v. Patrick & Smith,* 7 Ala. 187. In *Munroe v. Pritchett,* 16 Ala. 785, 50 Am. Dec. 203, a recovery was allowed in this form of action, and no mention is made of surrendering the possession. In

*Gibson v. Marsuis and Wife,* 29 Ala. 668, the suit was on the purchase-money notes (the purchaser being presumably in possession), and this court, under the statute of set-offs as then existing, allowed the defense of false representations "that the tract included other valuable lands outside the boundaries of the tract for which the note in suit was given." The case of *Kelly's Heirs v. Allen,* 34 Ala. 663, 668, was a bill in equity to obtain an abatement of the purchase money, on account of false representations as to the boundaries of land, and this court said: "The complainant  *  *  *  had a clear right to maintain an action at law against his vendor for the damages he complains of." And no mention is made of any requirement to surrender possession. The case of *Perry v. Johnston, et al.,* 59 Ala. 648, 653, was for misrepresentations as to the qualities of a bull, which had died in the possession of the vendee, and this court said that misrepresentations authorize "a rescission of the contract of sale, or, if there is no rescission, furnish ground of defense to an action for purchase money, or may support an action on the case for deceit."

It is clear from these authorities that the vendee can either rescind the contract, in which case he must give up possession of the property, or sue for damages resulting from the deceit, in which case there is no reason why he should deliver up possession of the property or any portion of it. The simple question is: What is the value of the entire property in its present condition, and what would it be worth if as represented? The plaintiff is not suing for the value of the strip included in the street, but for the damages resulting to the entire property, by reason of the fact that a part of it is in the street and liable at any time to be opened up by the municipal corporation, leaving the house in an exposed position.

As to the other point raised, while there has been some doubt expressed as to whether the matter of good will, as a property asset, can be applied to the practice of a physician, or other professional man, yet the weight of authority is that the good will of a physician or other professional man is a property asset, subject to disposal, within the limits prescribed, and in the same manner as the good will of any other business, and a breach of the same incurs the same liabilities.— *McIntyre et al. v. Belcher* (1864) 10 Jurist (N. S. 239; *Whittaker et al. v. Howe*, 3 Beaven's Rolls Court, 383, 393; *Dwight v. Hamilton*, 113 Mass. 175, 177, 178; *Hoyt v. Holly*, 39 Conn. 326, 12 Am. Rep. 390; *Webster v. Williams*, 62 Ark. 101, 34 S. W. 537; 14 Am. & Eng. Ency. Law (2d Ed.) 1092; 20 Cyc. 1277, 1278.

It results that the court erred in sustaining the demurrers to the complaint. The judgment of the court is reversed. A judgment will be here rendered, overruling the demurrers to the complaint and remanding the case.

Reversed, rendered, and remanded.

ANDERSON, MCCLELLAN, and MAYFIELD, JJ., concur.