# Blackmon v. Quennelle.

## Breach of Warranty.

(Decided November 7, 1914.  66 South. 608.)

1. *Covenants; Against Liens; Avoidance; Fraud.*—The only fraud which can be set up by a grantor, in a court of law, to avoid an express warranty against liens contained in a deed, is the fraud which goes to the execution of the deed.

2. *Same.*—So long as a grantor retains the consideration for the deed she could not avoid for fraud an express warranty against the lien.

[Blackmon v. Quennelle.]

3. *Deed; Nature.*—A deed is but an executed contract of sale.

4. *Fraud; Deceit; Action; Relief.*—Although ordinarily maintainable where one has been injured through another's fraud, an action for deceit is not available to permit a contracting party to affirm some portions of the contract and disaffirm others.

5. *Reformation of Instruments; Jurisdiction.*—Courts of equity have jurisdiction not possessed by courts of law to grant relief against fraud by reforming contracts so as to make them conform to the purposes and agreements of the contracting parties.

APPEAL from Anniston City Court.

Heard before Hon. THOMAS W. COLEMAN, JR.

Transferred from Court of Appeals under the act creating said court.

Action by A. R. Quennelle against Mrs. S. A. Blackmon for damages for breach of a covenant of warranty. Judgment for plaintiff and defendant appeals. Affirmed.

ROSS BLACKMON, for appellant.

RUTHERFORD LAPSLEY, for appellee.

DE GRAFFENRIED, J.—This is an action for damages for the breach of an express covenant of warranty in a deed against all incumbrances. Mrs. Blackmon sold Quennelle some land, and in her deed she expressly covenanted that the land was free from all incumbrances. The land was not, in fact, free from incumbrances, but was subject to a lien for unpaid taxes. This suit was brought upon the above covenant of warranty, to recover the amount of the taxes so paid.

It appears from the pleas, to which demurrers were sustained, that Mrs. Blackmon had not long owned the property, and that she, in fact, knew nothing as to the state of the land in so far as liens upon it were concerned. It further appears that, pending the negotiations which ripened into the execution and delivery of the deed, the vendee employed an attorney to examine the

title, and that it was understood and agreed that Mrs. Blackmon would in all things rely upon the representations and report of the attorney as to the condition of her title; that she did, in fact, rely upon his representations; that he prepared the deed for her; that before he prepared the deed he became aware of the existence of the lien; but that, conniving with the vendee and with a fraudulent purpose on his part and that of the vendee, he knowingly concealed from the vendor the existence of the lien for taxes, and, fraudulently representing that her title was free from all incumbrances, induced her to sign the deed with full covenants of warranty against all incumbrances; and that, but for such representations, the vendor would not have signed the deed with said full covenants of warranty therein. We have stated the case strongly for the purpose of indicating the line which this court has drawn in matters of this sort.

1. In so far as a vendor of property is concerned, the general rule of the common law, viz., that the only fraud which can be set up in a court of law to avoid the operation of any of the express provisions of a sealed instrument is that which goes to the execution of the instrument, "as, where there is a fraudulent misreading or obtaining, such an instrument as the obligor did not intend to give" has always been adhered to in this state.—*Morris v. Harvey*, 4 Ala. 300; *Holley v. Youngs*, 27 Ala. 203. In other words, so long as a party to a sealed instrument elects to treat a part of the instrument as valid he is bound by all of its provisons and cannot set up fraud to defeat any single one of its provisions.

In the present case Mrs. Blackmon does not claim that her conveyance, by reason of the alleged fraud, is null and void. She claims that she should be exempted from

[Blackmon v. Quennelle.]

the operation of her covenant of warranty as to incumbrances by reason of the alleged fraud. She proposes to hold to the money which was paid to her by the vendee for her land, and at the same time refuse to comply with the terms of an express warranty on her part in her deed.

"In accordance with the rule applicable to contracts generally, a rescission of an entire contract for the sale of land, whether by the vendor or purchaser, must be in toto. Neither party to the contract will be allowed to affirm so much of the contract as is advantageous to him and enjoy all its benefits, and disaffirm and reject that which is burdensome."—30 Cyc. p. 1354, subd. B, and authorities cited.

A deed is but an executed contract of sale.

2. Undoubtedly an action of deceit is generally maintainable when one party has been led to injury through the fraud of another.—*Maxwell v. Sherman*, 172 Ala. 626, 55 South. 520.

The action for deceit, however, cannot be made a cover for indirectly defeating, in any case, the operation of the salutary rule that neither party to a contract can be allowed to affirm some of the express stipulations of the contract and disaffirm the others. Authorities supra.

If Mrs. Blackmon had been permitted to make the defense in this suit which she set up in her pleas, she would, in effect, have been permitted to hold to her conveyance with one hand and repudiate with the other hand one of the express covenants of the conveyance. This the law will not permit her to do.

3. Courts of equity, in matters of this sort, open doors through which litigants cannot enter courts of law. Courts of equity can reform contracts so as to make them speak the purposes and agreements of their

makers, and, in granting relief against fraud, will, in so far as their jurisdiction is concerned, sometimes "take hold of a twig or a twine thread to uphold it." —*Crompton v. Reedle,* 83 Vt. 287, 75 Atl. 331, 30 L. R. A. (N. S.) 748, Ann. cas. 1912A, 339.

The trial court properly sustained the demurrer to the pleas, and the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and MAYFIELD, JJ.. concur.