# Harton *v.* Belcher.

## Assumpsit.

(Decided November 4, 1915.   70 South. 141.)

1. **Vendor and Purchaser; Counter Claim; Deceit; Legal Fraud.**—Where the action was for the purchase price of land, and the defense set up was that in negotiating the sale plaintiff went over the land with defendant and pointed out its boundaries, and that defendant relied on plaintiff's statement, being unacquainted with the facts, and that plaintiff then conveyed less than the amount pointed out, to the damage of defendant, the plea failing to allege knowledge of the plaintiff of such misrepresentation, it was nevertheless such an allegation of fraud by construction of law as to render such plea good, notwithstanding the provisions of §§ 2469, 4298 and 4299, Code 1907.

2. **Limitation of Action; Recoupment; Fraud.**—So long as plaintiff's right of action subsists for the purchase price of land, a claim of recoupment for fraud in pointing out the boundaries is not barred by limitation.

[Harton v. Belcher.]

**3. Vendor and Purchaser; Pleas; Sufficiency.**—Where the action was for the purchase price of land and standing timber, a plea that there has been a failure of consideration for the alleged indebtedness represented by the note sued on, in this, that the consideration for the alleged indebtedness was the sale to defendant of 3,600,000 feet of timber, and that plaintiff never delivered said timber, is, on its face, a good plea, and not subject to demurrer.

**4. Pleading; Demurrer; Questions Presented.**—A demurrer to a plea does not raise the question as to whether there is any evidence to support it.

APPEAL from Bibb Circuit Court.

Heard before Hon. B. M. MILLER.

Assumpsit by H. M. Harton against A. N. Belcher. Judgment for defendant, and plaintiff appeals. Affirmed.

The action was upon a promissory note for deferred payments on certain land. The pleas referred to are as follows:

(16) The defendant as a defense to the action of plaintiff, saith that at the time said action was commenced plaintiff was indebted to him in, to wit, the sum of $5,000 as damages for the fraud and deceit of plaintiff perpetrated on defendant in the sale of certain timber lands in Gadsden county, Fla., in this, that on, to wit, the —— day of July, 1908, plaintiff contracted with defendant at a valuable price certain timber and lands in Gadsden county, Fla. That in the negotiations between plaintiff and defendant for the sale of said timebr and lands plaintiff and defendant inspected such timber and lands; plaintiff directing defendant upon and across said lands and timber in such inspection, such inspection being only for the purpose of pointing out to defendant by plaintiff the lands and timber and the boundaries thereof. Plaintiff was negotiating with defendant for the sale thereof, plaintiff knowing at the time that defendant was wholly unacquainted with said lands and timber and the boundaries thereof, and knowing that defendant was relying upon him as he had the right to do, to inspect with him and point out the timber and lands and boundaries thereof, plaintiff was negotiating with defendant for the sale thereof, and plaintiff did point out to defendant as aforesaid timber and lands; and thereupon defendant purchased same from plaintiff for a valuable consideration, the note here sued upon representing a part of the consideration and purchase price thereof. In the sale of the said lands and timber and in the negotiations for the sale thereof as stated above plaintiff defrauded and deceived defendant in the sale of said timber and lands, in that he represented

to defendant that he was selling to defendant all the land and timber inspected and pointed out to him as aforesaid, and in closing said contract or trade, plaintiff delivered to defendant a conveyance which plaintiff stated conveyed all the timber and lands so inspected and pointed out as aforesaid, when in fact said conveyance did not contain all the lands and timber inspected and pointed out as aforesaid, but the boundaries of the land conveyed by said deed failed to include, to wit, 1,200 acres of land and timber included within the boundaries of the timber and lands inspected and pointed out as aforesaid, and said timber and lands not included in the said conveyance lying and being on the south and west sides of that really conveyed as aforesaid. And defendant avers that the difference in the value of the timber and lands really conveyed as aforesaid was, to wit, $5,000 less in value than the value of said timber and lands would have been had the said conveyances contained all the timber and lands inspected and pointed out as aforesaid and contracted by plaintiff to be sold to defendant as aforesaid, and which plaintiff proposed to sell defendant. The defendant relied upon plaintiff to point out the said lands and timber and the boundaries as he had a right to do, and defendant avers that plaintiff made such misrepresentation and deceived the defendant to induce defendant to purchase said lands and timber and did thereby induce defendant to purchase same; and thereby defendant was damaged as aforesaid, and defendant offers to recoup his said damages against plaintiff's demand, and asks judgment against plaintiff for the excess.

(17) The defendant for further answer to the complaint saith that at the time said action was commenced the plaintiff was justly indebted to this defendant in the sum of $5,004 for and on account of the fraud and misrepresentation of plaintiff upon and to defendant as hereinafter set out, and plaintiff avers that such fraud and misrepresentation consisted in this, that during the year 1908, plaintiff entered into negotiations with defendant for the sale to defendant of certain timber, timber rights, and timber lands in the state of Florida; that while such negotiations were in progress plaintiff carried or went with defendant to enable defendant to inspect and examine such timber, timber rights, and timber lands, that plaintiff pretended to show defendant the property involved in such negotiation; that plain-

[Harton v. Belcher.]

tiff pointed out to defendant a fine body of timber lands and represented to defendant that such timber so pointed out was the timber involved in such negotiations; that there was on the lands so pointed out by plaintiff 7,206,000 feet of timber, and on the lands conveyed to defendant 3,505,000 feet of timber, that the timber actually conveyed amounted to 3,600,000 feet less than the timber which plaintiff pointed out to defendant as the timber involved in such negotiations, that the fair and reasonable market value of the timber so lost to defendant was $5,004, that defendant knew nothing about the location of the timber involved in such negotiations and relied on the representations of plaintiff as to same, and defendant hereby offers to recoup the said sum against the claim of plaintiff, and claims judgment for the excess.

(B) For further answer to the complaint defendant says there has been a failure of consideration for the alleged indebtedness represented by the note sued on in this; that the consideration for said indebtedness was the sale to defendant of 3,-600,000 feet of timber, and that plaintiff never delivered said timber to defendant as he agreed to do.

STOKELY, SCRIVNER, & DOMINICK, and I. M. ENGEL, for appellant. JEROME T. FULLER, for appellee.

SAYRE, J.—To an action on a promissory note, which he had given to secure, in part, payment of the purchase money for a certain large tract of timber land, defendant (appellee) pleaded two pleas of recoupment, numbered 16 and 17 in the record, and on these pleas had a recovery over against plaintiff, who thereupon took this appeal alleging that the court erred, inter alia, in overruling demurrers to these pleas.

(1) The objection taken to these pleas in the brief for appellant is that they fail to show that plaintiff knew that he was pointing out to defendant lands other than those in reference to which the parties were negotiating and which were described in the conveyance subsequently executed. The representation alleged in the pleas was of manifest materiality; the purchasing defendant had a right to assume that the plaintiff knew the boundaries of the land he was undertaking to point out for the purpose of making a sale; and the pleas alleged, in substance, that

defendant was by such representation deceived and defrauded. In such circumstances it was of no consequence that, as for aught alleged in these pleas, the misrepresentation complained of may have been mistakenly made in good faith. Plaintiff's representation, if false as it was alleged to be, was fraudulent by construction of law, and for its injurious consequences he was answerable.—*King v. Livingston Mfg. Co.,* 180 Ala. 118, 60 South. 143; *Shahan v. Brown,* 167 Ala. 534, 52 South. 737; *Tillis v. Smith Sons Lumber Co.,* 188 Ala. 122, 65 South. 1015.

"He who affirms either what he does not know to be true, or knows to be false, to another's prejudice and his own gain, is, both in morality and law, guilty of falsehood, and must answer in damages."—*Munroe v. Pritchett,* 16 Ala. 785, 50 Am. Dec. 203.

This has long been the law of this state, and we are of opinion that no change in its has been effected by section 2469, 4298, or 4299 which appears for the first time in the Code of 1907. These sections are considered to be merely declaratory of the law as it had been previously laid down in the decisions of this court.

(2) Nor were the pleas defective in failing to show that defendant's cause of action therein alleged was not barred by the statute of limitation. Defendant's claim sprung out of the contract between the parties and affected the considerations moving between them; it ran with the contract, so to speak, and, so far at least as it went to the consideration, as it did in the case here, defendant might rely on it without regard to the statute of limitation. So long as the contract, upon a breach of which the claim is predicated, subsists, and may be enforced, the claim itself may be pleaded in reduction, at least, of the demand on the contract; and this notwithstanding the matter of recoupment, independently considered, may be barred, not only when it is pleaded, but also when the right of action, against which it is asserted, accrued.—*Conner v. Smith,* 88 Ala. 300, 7 South. 150.

(3) Plea "B," setting up a failure of consideration, was on its face a good plea, and the demurrer to it was properly overruled. Unlike the plea held bad in the case cited by appellant (*Noble v. Anniston National Bank,* 147 Ala. 697, unofficially reported in 41 South. 136), this plea alleged the facts on which

the defense was based and showed their connection with the cause of action alleged in the complaint.

(4) We cannot, as a matter of course, look to the evidence, as appellant has done, to discover whether the plea was well-grounded in fact. That was not a question to be raised by demurrer.

The judgment is affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.