(77 South. 942)

BERRY v. WOODDY.   (5 Div. 221.)

(Court of Appeals of Alabama.   Jan. 15, 1918. On rehearing, Feb. 26, 1918.)

1. FRAUD  31—SALE OF LAND.
One who has been induced to enter into a contract for the purchase of lands by fraud, to his injury, may maintain an action for deceit, and recover such damages as are necessary to compensate him for the injury suffered.

2. FRAUD  25—SALE OF LAND—TITLE.
Fraudulent representation by the vendor with respect to his title or ownership, as well as to matters collateral to the title of the property, such as location, quantity, quality, and condition of the land, the privileges connected with it, or the rents and profits derived therefrom, constitutes such fraud as will support the action for damages for fraud, although a deed with covenants of warranty is delivered, in view of Code 1907, § 2468, providing that fraud by one accompanied with damage to the party defrauded in all cases gives the right of action.

3. TRUSTS  136—"DRY TRUSTS"—DEFECT OF DEEDS.
A deed to one "as trustee for" certain persons, which failed to impose active duties, created only a dry trust and vested the title to the property in the cestui que trust, leaving no interest in the trustee in view of specific provisions of Code 1907, § 3408.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Dry Trust.]

4. FRAUD  64(1)—ISSUES—QUESTIONS FOR JURY.
In an action by a purchaser for the deceit of his vendor in misrepresenting title to the property, plea of general issue with leave to give in evidence anything that could be properly pleaded made a case for the jury.

5. FRAUD  36—DEFECTIVE TITLE—SUBSEQUENT TENDER OF GOOD TITLE.
The defendant could not destroy the plaintiff's cause of action predicated on fraud committed by the defendant in misrepresenting his title in the sale of the property by tendering, after the right of action had accrued, a complete title to the property.

6. APPEAL AND ERROR  1053(3)—HARMLESS ERROR—EVIDENCE—EFFECT OF INSTRUCTIONS.
Error, if any, in admitting evidence which should have been excluded was neutralized by affirmative instruction denying plaintiff's right to recover for losses sustained in the transaction covered by the erroneous admitted evidence.

On Rehearing.

7. PLEADING  383—GENERAL ISSUE WITH LEAVE.
In action for damages by fraud of vendor, wherein he pleaded the general issue with leave to give in evidence anything that could be properly pleaded, it was admissible for defendant to show that the cause of action was barred by the statute of limitations of one year, or, under Code 1907, § 4852, as to computation of time, for plaintiff to show that the action was brought within one year after the discovery of the fraud.

Appeal from Circuit Court, Coosa County; S. L. Brewer, Judge.

Action by S. H. Wooddy against E. H. Berry for damages for fraud and deceit in the sale of land. Judgment for plaintiff, and defendant appeals. Affirmed.

The facts sufficiently appear. The court refused the following charge:

(12) The court charges the jury that all plaintiff had a right to demand of defendant was a good title to the house and lot sold him by defendant, and, if the evidence reasonably satisfies you that defendant offered plaintiff such a title, then your verdict should be for defendant.

James W. Strother, of Dadeville, for appellant. Riddle & Riddle, of Talladega, for appellee.

BROWN, P. J. This is an action for fraud and deceit in the sale of a house and lot situated in Goodwater, Ala. All counts of the complaint, except that denominated count AA, were eliminated either on demurrer or by the affirmative charge in favor of the defendant, appellant here.

[1] It is well settled that one who has been induced to enter into a contract for the purchase of lands by fraud, to his injury, may maintain an action for deceit, and recover such damages as are necessary to compensate him for the injury suffered. Foster v. Kennedy, Adm'r, 38 Ala. 359, 81 Am. Dec. 56; 12 R. C. L. 451, § 196. And a recovery has been allowed in such cases for labor and money expended by the purchaser in improving the land before discovery of the fraud. Lawson v. Vernon, 38 Wash. 422, 80 Pac. 559, 107 Am. St. Rep. 880; 12 R. C. L. 457, § 202.

[2] Fraudulent representation by the vendor with respect to his title or ownership, as well as to matters collateral to the title of the property, such as location, quantity, quality, and condition of the land, the privileges connected with it, or the rents and profits derived therefrom, constitutes such fraud as will support the action, although a deed with covenants of warranty is executed and delivered to the purchaser. Code 1907, § 2468; Munroe v. Pritchett, 16 Ala. 785, 50 Am. Dec. 203; Pritchett v. Munroe, 22 Ala. 501; Russell v. Little, 28 Ala. 160; Gordon v. Phillips, 13 Ala. 565; Hutchinson v. Bozeman, 76 South. 406.[1] The character of the representation that will constitute fraud and sustain an action for deceit has been so often and so clearly stated that we refrain from restating the doctrine, which may be found in Munroe v. Pritchett, supra, and Harton v. Belcher,

[1] Ante, p. 169.

195 Ala. 186, 70 South. 141. When these principles are applied to the assignments of error predicated on the rulings of the court on the demurrers to count AA, it is clear that the assignments cannot be sustained.

[3] The deed from McCord to Berry "as trustee for Carter, Thurman, May, Gladys, and Winnie Berry," not imposing on the trustee any active duties under the statute of uses, created only a "dry trust," and vested the title to the property in the cestui que trust (Code 1907, § 3408; Jordan v. Phillips & Crew Co. et al., 126 Ala. 561, 29 South. 831; Berry et al. v. Bromberg, Executor, 142 Ala. 339, 37 South. 847), leaving no right, title, or interest in the defendant, E. H. Berry, to convey to the plaintiff.

[4] This deed was not "a conveyance of said property" to the defendant, and the contention that the plaintiff failed to offer proof sustaining the averments of the complaint is not sustained. The undisputed proof shows that Berry had no title to the property he sold to the plaintiff, and there was evidence tending to sustain the other averments of the complaint. After showing the rulings on the demurrers to the plaintiff's complaint as last amended, the judgment entry recites: "Whereupon the defendant pleaded in short by consent the general issue, with leave to give in evidence anything that could be properly pleaded." Under the issues thus joined, the case was one for the jury.

[5] The defendant could not destroy the plaintiff's cause of action predicated on fraud committed by the defendant in the sale of the property by tendering, after the right of action had accrued, a complete title to the property, and for this reason charge 12 requested by the defendant was properly refused.

[6] If error intervened in the admission of evidence in respect to the transaction between the plaintiff and Whitehead, such errors were neutralized by the affirmative instructions given, denying to the plaintiff the right to recover for losses sustained in such transaction.

We find no reversible error in the record and the judgment must be affirmed.

Affirmed.

On Rehearing.

[7] It appears from the record that issue was not joined on the special pleas filed by the defendant, but, as the judgment recites, "the defendant pleaded in short by consent, the general issue, with leave to give in evidence anything that could be properly pleaded."

Under the issue thus joined, it was permissible for the defendant, if he could, to show that the cause of action was barred by the statute of limitations of one year. Maxwell v. Lauderdale (Sup.) 77 South. 22.[2] And it was likewise permissible for the plaintiff to show that the action was brought within one year after the discovery of the fraud. Code

1907, § 4852. The evidence made this a question for the jury.

Application overruled.