(84 South. 776)

BROADUS v. LINDSEY. (1 Div. 315.)

(Court of Appeals of Alabama. Oct. 28, 1919. Rehearing Denied Feb. 3, 1920.)

1. FRAUD ☞41—COMPLAINT HELD TO STATE CAUSE OF ACTION.

Count of complaint held to state a substantial cause of action for fraudulent representations as to title in sale of land.

2. FRAUD ☞41—COMPLAINT HELD NOT DEMURRABLE ON ACCOUNT OF IRRELEVANT ALLEGATION.

Count of complaint for fraudulent representations as to title in sale of land held not subject to demurrer on the ground that the allegation that a stated third person ejected plaintiff from the land under a paramount title by a certain judgment was immaterial and irrelevant.

3. LIMITATION OF ACTIONS ☞182(2)—APPLICABLE STATUTE MUST BE PLEADED.

To be available, the applicable statute of limitations must be pleaded.

4. LIMITATION OF ACTIONS ☞30—LIMITATIONS OF 3, 6 AND 10 YEARS NOT APPLICABLE TO ACTION FOR DECEIT.

In view of Code 1907, § 4840, subd. 5, a general clause as to applicability of the 1-year statute of limitations, the limitations of 3, 6, and 10 years are not appropriate or applicable to an action for deceit.

5. TRIAL ☞392(3)—REQUEST HELD NOT ONE FOR A SPECIAL FINDING OF FACTS.

Request "to find the facts in this case at the trial thereof" is not a request for "a special finding of facts."

6. TRIAL ☞392(1)—IN ABSENCE OF REQUEST, FINDING OF COURT MAY BE GENERAL.

By express provision of Code 1907, § 5360, the finding of the court may be general, unless a party in writing request a special finding of the facts.

7. PLEADING ☞248(2)—AMENDMENT ADDING COUNT ON SAME SUBJECT-MATTER PERMISSIBLE.

An amendment of complaint, adding a count for fraudulent representations as to title in sale of land, is permissible, and not subject to objection of being a departure, its subject-matter arising out of the same subject-matter as the original counts for breach of warranty and eviction after suit.

8. APPEAL AND ERROR ☞1010(1)—FINDINGS JUSTIFIED BY EVIDENCE, IF BELIEVED, NOT REVIEWABLE.

There being evidence which, if believed, justified the findings of the trial court, they are not reviewable.

Appeal from Circuit Court, Mobile County; Claude A. Grayson, Judge.

Action by Henry J. Lindsey against Rowe Broadus for breach of warranty and deceit. Judgment for plaintiff, and defendant appeals. Affirmed.

The first count is for breach of warranty and eviction after suit. The second and third counts are practically the same, each alleging that at the time the warranty was made the title was in the government of the United States, and was duly patented to others than the plaintiff. A great deal of pleading was indulged in, not necessary to be here mentioned. The following is count A, referred to:

The plaintiff claims of the defendant the further sum of $200, for that, upon, to wit, March 26, 1906, the defendant sold to plaintiff and placed plaintiff in possession of the following described land: Beginning at the northeast corner of section 34, in township 4 south, of range 2 west, of St. Stephens meridian, Alabama; running thence southwardly, 18 chains, along the east section line of said section 34, to a point; thence westwardly 20 chains, to a point; thence northwardly 18 chains to a point on the north line of said section, and distant westwardly 20 chains from the northeast corner of said section; thence along said north line 20 chains, to the place of beginning—all of said land being in the northeast quarter of the northeast quarter of said section 34. That the plaintiff bought said land from the defendant, and paid to him the sum of $200 therefor. That defendant falsely represented to plaintiff that the said defendant had a good title to said land. That plaintiff had no knowledge of the title to said lands nor the description thereof. That plaintiff relied upon said representations of the defendant, and purchased said lands as aforesaid, and was placed in possession thereof by the defendant. That the representation made by defendant to plaintiff as aforesaid was false. That defendant did not have title to said lands, nor any part thereof. That Gertrude B. England ejected plaintiff from said land under a paramount title by a judgment rendered in circuit court of Mobile county, Ala., upon, to wit, November 20, 1917.

Motion was made to strike said count because it was a departure from the original

complaint, and demurrer was filed, setting up that the same was insufficient in law because the allegation that Gertrude England ejected the plaintiff from said land under a paramount title by judgment and so forth is immaterial and irrelevant. The motion and demurrers were overruled.

Frederick Bromberg, of Mobile, for appellant.

Count A was insufficient. 13 Ala. App. 448, 68 South. 582; 11 Ala. App. 670, 66 South. 954. The court erred in refusing to specially find the facts. Section 5360, Code 1907; 16 Ala. App. 346, 77 South. 940; 154 Ala. 295, 45 South. 155; 146 Ala. 610, 40 South. 954. The judges of the circuit court of Mobile county must sit together in the trial of all causes at law. Acts 1915, pp. 352, 809; 195 Ala. 107, 70 South. 905; 201 Ala. 409, 78 South. 787.

Jesse F. Hogan, of Mobile, for appellee.

Count A was sufficient, and was not subject to the demurrers or motion to dismiss. 167 Ala. 534, 52 South. 737; 176 Ala. 51, 57 South. 483; 90 Ala. 44, 7 South. 813; 66 Ala. 592; 32 Ala. 50. The law of the case is ruled by 195 Ala. 186, 70 South. 141, and 16 Ala. App. 348, 77 South. 942.

BROWN, P. J. [1, 2] The principles of law governing the case as presented by count A are clearly stated in Harton v. Belcher, 195 Ala. 186, 70 South. 141, and Berry v. Wooddy, 16 Ala. App. 348, 77 South. 942. Count A is not subject to the objection that it does not state a substantial cause of action, and it was not subject to the stated ground of demurrer.

[3, 4] The statute of limitations of 1 year was not pleaded, and the limitations of 3, 6, and 10 years are not appropriate or applicable to an action for deceit. Code 1907, § 4840, subd. 5.

[5, 6] The defendant's request "to find the facts in this cause at the trial thereof" is not a request for "a special finding of facts," and the rendition of judgment without such special finding of facts did not contravene any right given to the appellant by Code 1907, § 5360, which provides that "the finding of the court may be general, * * * unless the parties, or either of them, in writing, request a special finding of the facts."

[7] The subject-matter of count A arises out of the same subject-matter as the other counts, and the allowance of the amendment of the complaint by adding count A was permissible. Gambill v. Fox Typewriter Co., 190 Ala. 36, 66 South. 655.

[8] There was evidence which, if believed, justified the findings of the trial court. Hackett v. Cash, 196 Ala. 403, 72 South. 52; Pinkard v. Cassels, 195 Ala. 353, 70 South. 153. We find no reversible error in the record, and the judgment of the trial court is affirmed.

Affirmed.