(88 South. 665)

## GRALAPP v. HILL. (1 Div. 170.)

(Supreme Court of Alabama. April 21, 1921.)

**1. Reformation of instruments ☞25—Grantor's carelessness as to stating point of beginning held not carelessness barring relief.**

While grantor seeking reformation of deed was unquestionably careless in designating the point of beginning from which the boundary lines of his excepted lot were to be fixed, yet this did not amount to culpable and injurious negligence which would bar him from corrective relief; for, so far as such lot is concerned, his mistake in description could not have in-

jured the grantee, and did not amount to a breach of legal duty.

**2. Fraud ☞13(2)—Grantor liable for misrepresenting boundaries, whether knowingly or innocently false.**

A grantor whose false statements as to boundaries induced the grantee to buy is liable in damages as for deceit, whether his statements were knowingly or innocently false.

**3. Reformation of instruments ☞36(1)—Denial of reformation of deed to grantor not offering to do equity held correct.**

A bill for reformation of a deed so far partakes of the nature of a bill for specific performance that it requires an offer to do equity by complying with the stipulations of the contract on complainant's part to be performed, and in the absence thereof denial of relief was proper, whether upon the theory of injurious deceit by complainant or his failure to make good his obligations.

**4. Equity ☞54—Not active in enforcing unjust claims.**

Courts of equity ought not to be active in enforcing claims which are not under all the circumstances just as between the parties.

**5. Reformation of instruments ☞37—Cross-bill not necessary, where complainant failed to offer to do equity.**

In grantor's suit against grantee for reformation of a deed, a cross-bill is not necessary for the grantee to take advantage of matters of inequity by way of defense merely, and when thus interposed, and complainant fails to offer to do equity, and the evidence establishes the averments of the answer, the bill must be dismissed.

Appeal from Circuit Court, Mobile County; Joel W. Goldsby, Judge.

Bill by W. A. Gralapp, grantor, against Annie Hill, grantee, to correct description in a deed. From a decree denying relief, complainant appeals. Affirmed.

Smiths, Young & Leigh, of Mobile, for appellant.

The court erred in the decree rendered. 2 Pom. 675; 138 Ala. 505, 35 South. 465; 164 Ala. 648, 51 South. 330; 162 Ala. 475, 50 South. 116; 123 Ala. 168, 27 South. 401; 112 Ala. 687.

Jesse F. Hogan, of Mobile, for appellee.

The court cannot make a new contract, as is attempted in this case. 174 Ala. 337, 56 South. 573; 70 Ala. 85; 36 Pa. 38, 78 Am. Dec. 359; 189 Ala. 48, 66 South. 598; 34 Cyc. 919. Appellant's negligence caused the mistake. 34 Cyc. 948; 144 Ala. 427, 39 South. 474; 33 Ala. 494. The bill and proof did authorize the relief sought. 82 Ala. 571, 1 South. 897; 201 Ala. 579, 78 South. 923; 198 Ala. 670, 73 South. 989; 126 Ala. 443, 28 South. 497, 51 L. R. A. 396, 85 Am. St. Rep. 42; 174 Ala. 337, 56 South. 573; 187 Ala. 298, 65 South. 812.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes ·

SOMERVILLE, J. The evidence is clear and convincing that the parties to the deed mutually intended and agreed that there should be excepted from the tract conveyed by complainant to respondent a lot in the southeast corner of the tract of sufficient width and depth to include complainant's storehouse and a small space to the west and north of the building, without reference to the number of feet required for that purpose. By reason of a mutual misconception as to the proper point of beginning, the excepted tract was described as running west 120 feet from a point 55 feet west of the center of the track of the Mobile & Ohio Railroad; whereas, to include the storehouse within the measurement stated, the beginning point should have been on the western boundary of the railroad right of way, which was 98½ feet from the center of the track.

The bill alleges, and the evidence shows, that complainant informed respondent of the error in the description, and requested its correction, which was refused.

On the affirmative aspects of the case made by the bill, complainant was entitled to the relief prayed. Hataway v. Carnley, 198 Ala. 39, 73 South. 382.

Respondent, however, sets up in avoidance of complainant's equity the facts: (1) That complainant was culpably negligent in not knowing or ascertaining the true width, and the western boundary, of the right of way; (2) that he misrepresented to her the width of the right of way, and misinformed her as to the location of the eastern boundary of the lot she purchased, so that the lot conveyed to her is less in width by 43½ feet, on a front of 429 feet, than the tract pointed out to her by complainant as the tract to be conveyed; and (3) that he misrepresented to her the condition of the dwelling house and stable on the tract purchased.

[1] 1. While complainant was unquestionably careless in the matter of designating the correct point of beginning, from which the boundary lines of his excepted lot were to be measured and fixed, yet this did not amount to that culpable and injurious negligence which would bar him from the corrective relief which he seeks.

"The conclusion from the best authorities seems to be that the neglect must amount to the violation of a positive legal duty. The highest possible care is not demanded. Even a clearly established negligence may not, of itself, be sufficient ground for refusing relief, if it appears that the other party has not been prejudiced thereby." 2 Pom. Eq. Jur. (1st Ed.) § 856, cited with approval in Kinney v. Ensminger, 87 Ala. 340, 6 South. 72, and Greil v. Tillis, 170 Ala. 391, 54 South. 524.

So far as the excepted lot is concerned, complainant's mistake in the description furnished could not have injured respondent, and did not amount to a breach of legal duty.

[2] 2. The evidence shows without dispute that complainant deceived respondent as to the size of the tract she bought of him, by telling her that the railroad right of way extended only 55 feet from the center of the track, and that the fence inclosing the right of way was not on the line. Respondent had a right to rely upon those statements, and presumably did rely upon them. The location of the eastern boundary 43½ feet further east was a material inducement to buy, and the falsity of complainant's statements in that regard was materially prejudicial to respondent. Therefore, whether those statements were knowingly or innocently false, complainant became liable to respondent in damages as for a deceit. Greil Bros. v. McLain, 197 Ala. 136, 72 South. 410; Davis v. Betz, 66 Ala. 206.

[3] A bill for reformation of a written instrument so far partakes of the nature of a bill for specific performance that it requires an offer by the complainant in his bill to do equity by complying with all the stipulations of the contract on his part to be performed. Billingsley v. Billingsley, 37 Ala. 425. Complainant's undertaking was to convey to respondent a designated tract of land, viz. a tract extending to within 55 feet of the center of the railroad track. This he failed to do because his title extended only to a point 98½ feet from said center. Upon what principle, then, can a court of equity require the vendee to comply with her undertaking as to the boundaries of the excepted lot, without compelling the vendor also to do equity by compensating the vendee for the deficiency in the tract conveyed? Williams v. Mitchell's Adm'r, 30 Ala. 299, 306, 307. On the authority of Billingsley v. Billingsley, 37 Ala. 485, we think that relief was properly denied to complainant, whether upon the theory of injurious deceit, or of his failure to make good his obligations in the premises.

[4] The general principle is that courts of equity "ought not to be active in enforcing claims which are not, under all the circumstances, just as between the parties." Story on Eq. Jur. 79, 80; Triggs v. Read, 5 Humph. (Tenn.) 529, 550.

[5] In Billingsley's Case, supra, it was held that a cross-bill is not necessary in order for the respondent to take advantage of matters of inequity by way of defense merely. And when thus interposed, and the complainant fails to offer to do equity with respect thereto—the evidence establishing the averments of the answer—the bill must be dismissed. Billingsley v. Billingsley, 37 Ala. 425, 429.

In this view of the case other questions become immaterial and need not be considered.

The decree of the circuit court, denying relief and dismissing the bill of complaint, will be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.