(112 So. 127)

**BYARS v. SANDERS. (6 Div. 599.)**

(Supreme Court of Alabama. March 24, 1927.)

1. *Fraud ⊜27—Averment showing sale in gross would not relieve defendant from liability for fraudulent representation as to frontage of lot.*

That averments of complaint for damages for deceit in sale of land showed sale in gross would not relieve defendant from liability for damages resulting from fraudulent representation as to frontage of lot.

2. *Fraud ⊜34—Purchaser having paid purchase money may retain property and recover damages for vendor's fraudulent representations.*

Where purchaser of lot has paid all purchase money, and is in possession, he has right to retain property and maintain action for damages for deceit if he was misled to his injury by fraudulent representations of defendant as to frontage of lot.

3. *Appeal and error ⊜1011(1)—Trial court's findings on conflicting evidence held not disturbed.*

Where evidence as to material facts was conflicting on trial to court without jury, but there was evidence sufficient to support findings, they will not be disturbed.

4. *Fraud ⊜59(2)—Measure of damages is difference between value of property and value as represented.*

In action for damages for deceit in sale of land, measure of damages is difference between value of property as it is and what its value would have been had it been as represented.

5. *Fraud ⊜62—$1,500 held not excessive for vendor's misrepresentation of frontage of lot.*

$1,500 *held* not excessive for deceit in land sale in which vendor misrepresented frontage of lot by five feet, in view of evidence.

Appeal from Circuit Court, Jefferson County; Richard V. Evans, Judge.

Action by O. F. Sanders against W. R. Byars. From a judgment for plaintiff, defendant appeals. Affirmed.

The second count of the complaint as amended is as follows:

"The plaintiff claims of the defendant $2,000 damages for deceit in the sale of a lot or parcel of land in representing to the plaintiff that the said lot or parcel of land had a frontage of 50 feet on the Bessemer Road, between Avenue T and Terrace S, Central Park Highlands, Jefferson county, Ala., which the defendant at the time of the sale knew did not have a frontage of 50 feet, but had a frontage of 45 feet, which was a material fact, operating as an inducement to the transaction, upon which representation plaintiff relied, and was deceived to plaintiff's damages in the sum aforesaid; hence this suit."

There was judgment for plaintiff for $1,500, from which defendant appeals.

Edgar Allen and Walter H. Anderson, both of Birmingham, for appellant.

Quantity is not of the essence of the contract in case of a sale in gross. Cox v. Collins, 205 Ala. 491, 88 So. 440; Terry v. Rich, 197 Ala. 486, 73 So. 76. The acceptance of a deed is a complete execution of the antecedent agreement to convey, and annuls it, and no action at law can be sustained upon it. Carter v. Beck, 40 Ala. 599; 27 R. C. L. 529; 98 Or. 626, 193 P. 902, 14 A. L. R. 1275. An action for deceit is not available to permit a contracting party to affirm some provisions of the contract and disaffirm others. Blackmon v. Quennelle, 189 Ala. 630, 66 So. 608. A mistake made through honest error, and with bona fide belief in its truth, is not fraudulent. 26 C. J. 1125.

Lange, Simpson & Brantley and M. L. Robinson, all of Birmingham, for appellee.

The purchaser is entitled to an abatement of the purchase price of the land, where he has been induced to enter into a contract of sale in gross in reliance upon the vendor's representations that the land is of a certain quantity, whether such representations were made knowingly or innocently. 39 Cyc. 1589; Gralapp v. Hill, 205 Ala. 569, 88 So. 665. The purchaser has the right to sue for damages resulting from the fraud or bring a bill to rescind. 20 Cyc. 89; Code 1923, § 5677; Maxwell v. Sherman, 172 Ala. 626, 55 So. 520. To constitute fraud in law, it is not necessary that the vendor knew the representations were false. 20 Cyc. 24; 12 R. C. L. 337; 26 C. J. 1125. The plaintiff was entitled to recover as damages the difference between the value of the land as represented and its value under the actual circumstances. 27 R. C. L. 382; 39 Cyc. 1595, 2116.

BROWN, J. [1] If it could be affirmed as a matter of law that the averments of count 2 of the complaint, as last amended, show "a sale in gross," we are not of opinion that this fact would relieve the defendant of liability for damages resulting from a fraudulent representation as to the frontage of the lot. Harton v. Belcher, 195 Ala. 186, 70 So. 141; King v. Livingston Mfg. Co., 180 Ala. 118, 60 So. 143; Berry v. Wooddy, 16 Ala. App. 348, 77 So. 942; Gralapp v. Hill, 205 Ala. 569, 88 So. 665.

The cases cited and relied on by the appellant—Cox v. Collins, 205 Ala. 491, 88 So. 440, was for breach of contract to convey, and Terry et al. v. Rich, 197 Ala. 486, 73 So. 76, was for breach of warranty, in which the question of fraud was not an element, and the utterances in those cases are not applicable here.

Nor is the case of Carter v. Beck, 40 Ala.

---

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

215 ALA.—36

599, and other authorities of the same tendency, holding that the acceptance of a deed by a purchaser is a complete execution of an antecedent agreement to convey, and annuls it, and that the purchaser cannot thereafter maintain an action on the antecedent agreement, applicable to the case here presented. In accepting the deed, the plaintiff may have relied on the truth of the representation of the defendant that the lot fronted 50 feet on the Bessemer road. 20 Cyc. pp. 86–89; 27 R. C. L. 379, § 81.

The plaintiff's case as referred to count 2 of the complaint in no way rests upon a disaffirmance of the sale or rescission of the contract, or any part to it. It rests upon deceit practiced by the defendant in falsely representing that the lot had a frontage of 50 feet on the Bessemer road; hence Blackmon v. Quennelle, 189 Ala. 630, 66 So. 608, which was an action "for the breach of an express covenant of warranty in a deed," in which the defendant was denied the right to retain the purchase money and defend against the warranty of her deed as against a claim for unpaid taxes, is not an apt authority.

[2] The plaintiff in this case, who had paid all the purchase money, and was in possession, had the right to retain the property, and, if he was misled to his injury by the fraud of the defendant, maintain an action for deceit. Maxwell v. Sherman, 172 Ala. 626, 55 So. 520; 27 R. C. L. 379, § 81.

To use the language of the authorities, "he who affirms either what he does not know to be true, or knows to be false, to another's prejudice and his own gain, is, both in morality and law, guilty of falsehood, and must answer in damages." Munroe v. Pritchett, 16 Ala. 785, 50 Am. Dec. 203; Harton v. Belcher, 195 Ala. 186, 70 So. 141.

[3] The trial was by the court without a jury, and the evidence as to the material facts relating to the issue was in sharp conflict, yet there was evidence which, if believed, is sufficient to support a finding for the plaintiff. Under these circumstances the trial judge was in a better position than we to judge of the credibility of the testimony, and his findings on the facts will not be disturbed.

[4, 5] On the question of damages, which the appellant insists are excessive, the measure is the difference between the value of the property as it is and what its value would have been had it been as represented. Maxwell v. Sherman, supra. On the question of damages the plaintiff offered the testimony of three witnesses tending to show that, if the property had been as represented, it would have been worth from $1,250 to $2,000 more than what it was, while the defendant was content to rest this phase of his case on his own statement that—

"In my opinion the difference between the value of a 40 foot and a 50 foot lot out there amounts to very little, if anything."

In view of the testimony, we are not willing to hold that the damages awarded were excessive. Curb v. Stewart, Adams & Co., ante, p. 511, 110 So. 804.

There are no reversible errors shown by the record.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.