**NATIONAL SURETY CO. et al. v. FOWLER et ux.    (3 Div. 794.)**

Supreme Court of Alabama.    Nov. 10, 1927.

**1. Fraudulent conveyances ☞211—Creditor's suit to set aside as fraudulent stock transfer to debtor's wife for debtor's property may be brought by assignee of debtor's note.**

Assignee of debtor's note may maintain creditor's bill to set aside as fraudulent and void issuance of stock in company to wife of debtor in payment of debtor's property.

**2. Fraudulent conveyances ☞43(1)—Good will of debtor's business is not subject to transfer independent of business and cannot be reached by creditor's bill.**

Good will of debtor's business is not property existing independent of tangible business, and could not be subject of sale or transfer or reached by creditor's bill nor subjected to payment of debtor's indebtedness, and hence creditors' bill to set aside as fraudulent conveyance of stock in payment for such good will was properly dismissed on demurrer.

**3. Fraudulent conveyances ☞205—To set aside transfer as in fraud of creditors, prejudice to creditors must be shown, though there is fraudulent intent.**

Generally, in order that conveyance or transfer may be attacked as fraudulent and void against creditors, it is necessary to show prejudice to rights of creditors resulting therefrom, even though actual fraudulent intent is shown.

**4. Fraudulent conveyances ⊚⇒43(1)—Transfer to debtor's wife of stock in payment of good will of debtor's business did not injure creditors and could not be set aside.**

Issuance of stock to debtor's wife in consideration for transfer of good will of debtor's business, *held* not to work injury to creditors, since mere good will was not property which could be subjected by forced sale to satisfaction of debts, and hence transfer could not be attacked, as fraud without injury will not support action.

Appeal from Circuit Court, Montgomery County; Leon McCord, Judge.

Creditor's bill by the National Surety Company and the United States Fidelity & Guaranty Company against Ed. C. Fowler and Mary L. Fowler, his wife. From a decree sustaining a demurrer to the bill, complainants appeal. Affirmed.

Ball & Ball, of Montgomery, for appellants.

Complainants, as assigns of the indebtedness of Fowler to the bank may maintain this bill. Jones v. Smith & Co., 92 Ala. 455, 9 So. 179; Bragg v. Patterson, 85 Ala. 233, 4 So. 716; Smith v. Pitts, 167 Ala. 461, 52 So. 402; 15 C. J. 1408. Good will is recognized as a species of property, the subject of sale and transfer, and protected by law as such. Howard v. Taylor, 90 Ala. 243, 8 So. 36; 28 C. J. 730, 731, 734, 737; Tennant v. Dunlop, 97 Va. 234, 33 S. E. 620; Maxwell v. Sherman, 172 Ala. 626, 55 So. 520.

Henry C. Meader and Laurence H. Lee, both of Montgomery, for appellees.

Brief did not reach the Reporter.

GARDNER, J. The bill in this case was filed by appellants against appellees, and the appeal is from the decree sustaining defendants' demurrer to the bill as amended.

[1] Appellants are creditors of defendant Ed. C. Fowler (assignees of certain notes executed by said Fowler to the Alabama Bank & Trust Company), and as such creditors seek to set aside as fraudulent and void the issuance of 500 shares of common stock by "the Poor Man's Banker, Inc.," to defendant Mary L. Fowler, wife of said Ed. C. Fowler. As assignees of the notes executed by Ed. C. Fowler to the bank, appellants may maintain a suit of this character. Jones v. Smith & Co., 92 Ala. 455, 9 So. 179; Bragg v. Patterson, 85 Ala. 233, 4 So. 716; Smith v. Pitts, 167 Ala. 461, 52 So. 402.

[2] In the fourth paragraph of the original bill it was expressly averred that said common stock was issued to defendant Mary L. Fowler by the Poor Man's Banker, Inc., in payment of the transfer to it of the good will of said Ed. C. Fowler in a certain similar enterprise theretofore conducted by him.

Upon demurrer to the original bill being sustained, the bill was amended and said fourth paragraph rewritten with more detail of averment, but construing the pleading more strongly against the pleader, its substance was in effect as originally drawn and as disclosing the issuance of the stock to Mary L. Fowler upon consideration only of the good will of the business formerly conducted by said Ed. C. Fowler. A contrary construction would be based upon mere inference, which, of course, will not suffice. Indeed, such is, as we read the brief the construction placed upon the amended bill by counsel for appellants, who state the principal question here involved as follows:

"The real contentions of the appellees going to the equity of the bill are that the good will of Ed. C. Fowler or of his business was not property, not the subject of sales or transfer, and could not be reached by a creditor's bill, nor subjected to the payment of his debts. They seem to contend that the good will could not exist except when attached to or connected with some tangible property."

We are persuaded this contention of appellees is correct and is supported by the weight of authority. As said by the Supreme Court of the United States in Metropolitan Bank v. St. Louis Despatch Co., 149 U. S. 436, 13 S. Ct. 944, 37 L. Ed. 799:

"Undoubtedly, good will is in many cases a valuable thing, although there is difficulty in deciding accurately what is included under the term. It is tangible only as an incident, as connected with a going concern or business having locality or name, and is not susceptible of being disposed of independently."

In Hart v. Smith, 159 Ind. 182, 64 N. E. 661, 58 L. R. A. 949, 95 Am. St. Rep. 280, the Indiana Supreme Court uses this language:

"We regard it as clear, however, that good will is not, in and of itself, property, but that it is an incident that may be attached to, or in some cases be connected with, it. * * * 'Good will,' as property, is intangible, and merely an incident of other property."

And in Bradbury v. Wells, 138 Iowa, 673, 115 N. W. 880, 16 L. R. A. (N. S.) 240, the following from Robertson v. Quiddington, 28 Beav. 527, is quoted with approval:

"The good will is a valuable and tangible thing in many cases; but it is never a tangible thing unless it is connected with the business itself, from which it cannot be separated."

A case more nearly in point is that of Slack v. Suddoth, 102 Tenn. 375, 52 S. W. 180, 45 L. R. A. 589, 73 Am. St. Rep. 881, from the Tennessee Supreme Court, where it was said:

"We think the principle back of all is that no forced sale or transfer can be made of a good will, when it is based upon professional reputation and standing, or upon business con-

nections. Good will implies something gained by consent—not something realized by force or coercion."

The following statement of the text in 28 Corpus Juris, 731, appears, as above indicated, to be supported by the authorities generally:

"Good will exists as property merely as an incident to other property rights and is not susceptible of being owned and disposed of separately and apart from the property right to which it is incident."

The authorities cited by counsel for appellants do not, in our opinion, militate against the conclusion here reached. The case of Tennant v. Dunlop, 97 Va. 234, 33 S. E. 620, concerned not only the good will of the business, but certain trade-marks used in connection therewith. Howard v. Taylor, 90 Ala. 241, 8 So. 36, involved a sale of the business and all property connected therewith, including the good will thereof. In Maxwell v. Sherman, 172 Ala. 626, 55 So. 520, damages were sought for breach of a contract for the sale of the practice and good will of a physician and the effect of the holding was that such was "subject to disposal, within the limits prescribed, and in the same manner as the good will of any other business, and a breach of the same incurs the same liabilities," a question upon which the courts were divided. 28 Corpus Juris, 732.

In none of the authorities noted was the question of a forced sale of a good will of a business disconnected from the business itself or any assets thereof treated or considered, except that of Slack v. Suddoth, supra, from the Tennessee court, where it was held it was incapable of disposition in such manner, the court saying:

"Good will implies something gained by consent—not something realized by force or coercion."

[3] Accepting, therefore, as correct the statement of the law upon the question in hand as found in the foregoing authorities, the mere good will of the business of the debtor Ed. C. Fowler was not subject to levy and sale under execution in satisfaction of appellants' indebtedness. In and of itself it was not property, but only an incident that may be attached to or connected with property or business, and is not susceptible of being disposed of independently by a forced sale thereof. The general rule of law as stated in 27 Corpus Juris, 470, 471, is universally recognized, as follows:

"In order that a conveyance or transfer may be attacked as being fraudulent and void as against creditors, it is necessary, even where there is an actual fraudulent intent, that prejudice to the rights of creditors shall result therefrom, for fraud does not consist in mere intent, but in intent acted out and resulting in injury."

"The law takes no cognizance of fraudulent practices that injure no one." Kennedy v. First Nat. Bank, 107 Ala. 170, 18 So. 396, 36 L. R. A. 308.

[4] If, therefore, the mere good will of the business of Ed. C. Fowler was not such property as could be subjected by a forced sale to the satisfaction of appellants' indebtedness, then the issuance of the stock to his wife in consideration thereof worked no injury to them. The transaction could not therefore be successfully attacked by these appellants, as "fraud without injury" will not support an action. The demurrer to the bill takes the point, and we are of the opinion the chancellor correctly ruled in rendering the decree sustaining the demurrer to the amended bill.

The decree will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and BOULDIN, JJ., concur.