34 So.2d 26

**BENEFIELD v. DAILEY et al.**

**6 Div. 487.**

Court of Appeals of Alabama.
Feb. 10, 1948.

J. T. Johnson, of Oneonta, for appellant.

R. G. Kelton, of Oneonta, for appellees.

CARR, Judge.

This appeal grows out of an action for deceit in the sale of a tract of land. The alleged deceit is based on the claim that the deed of conveyance to the property did not include a description of all the land which the defendant agreed to sell to the plaintiff.

The counts of the complaint were held sufficient against the demurrers interposed thereto.

When the plaintiff had concluded his evidence in chief, the court gave the general affirmative charge in defendants' behalf. A jury verdict in favor of the latter followed.

A careful study of this record, with particular reference to the rulings and remarks of the court below, leads us to believe that the trial judge did not fully grasp the nature and purport of the issues involved.

In any event, we are clear to the conclusion that the defendants were not due the general affirmative charge. Beyond question, there was some evidence presented by the plaintiff which tended to establish the material averments of his complaint. McMillan v. Aiken et al., 205 Ala. 35, 88 So. 135, and authorities cited in the opinion thereof.

It would not be beneficial nor helpful to attempt to delineate the tendencies of the evidence. To do so we would run the risk

of jeopardizing the fairness of another trial.

We will be content to state some rules and cite some authorities.

■ In the early history of our judicial decisions, we find this very meaningful statement: "He who affirms either what he does not know to be true, or knows to be false, to another's prejudice and his own gain, is, both in morality and law, guilty of falsehood, and must answer in damages." Munroe v. Pritchett, 16 Ala. 785, 50 Am.Dec. 203.

In recognition of the above equitable and just declaration, many cases have found their way into our courts and the doctrine has not been abridged nor retrenched by subsequent statutory enactments.

■ Within the confines of this settled law, it is unquestionably true that, where essential elements of fraud or deceit are declared and support thereof is found in material proof, a recovery can be had for damages for misrepresentation as to the boundaries and locations of real property. 37 C.J.S., Fraud, Sec. 52.

In Maxwell v. Sherman, 172 Ala. 626, 55 So. 520, 521, we observe: "On the other hand, it is laid down by able textwriters that for false or fraudulent representations 'relating to the quality, quantity, situation', or title to the property sold,' or to the 'extent or boundaries' of the same, the purchaser has sufficient ground for an action at law for damages."

"The plaintiff in this case, who had paid all the purchase money, and was in possession, had the right to retain the property, and, if he was misled to his injury by the fraud of the defendant, maintain an action for deceit." Byars v. Sanders, 215 Ala. 561, 112 So. 127, 128.

See also, Prichett v. Munroe, 22 Ala. 501; Harton v. Belcher, 195 Ala. 186, 70 So. 141; Gralapp v. Hill, 205 Ala. 569, 88 So. 665.

■ In the matter of ascertaining the recoverable damages, the measure thereof is the difference between the reasonable market value of the conveyed property as sold and what its reasonable value would have been had it been as represented. Byars v. Sanders, supra.

What we have written will serve as a guide in the event of another trial. The other assignments insisted upon as a basis for error relate to the rulings of the lower court which will not likely recur in exact counterpart.

For error indicated, it is ordered that the judgment of the nisi prius court be reversed and the cause remanded.

Reversed and remanded.